IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.: 2:05CV-00465-D |
| | ) |
| WALGREEN CO., INC. | ) |
| | ) |
|     Defendant. | ) |

## ANSWER

Defendant, Walgreen Co., Inc. (hereinafter "Walgreen") answers the Complaint as follows:

1.    For answer to Paragraph 1 of the Complaint, Walgreen denies the allegations of Paragraph 1, except Walgreen admits that this Court has jurisdiction of alleged violations under Title VII of the Civil Rights Act of 1964, as Amended, and 42 USC Section 1981.

2.    For answer to Paragraph 2 of the Complaint, Walgreen denies the allegations of Paragraph 2, except Walgreen admits that it is a corporation which has a place of business and does business within Montgomery County in the Middle District of Alabama and that venue of this action is proper in the Middle District of Alabama.

3.    For answer to Paragraph 3 of the Complaint, Walgreen denies the allegations of Paragraph 3, except Walgreen admits that Wilson is a citizen of the United States residing in Montgomery County, Alabama, and that she was employed by Walgreen.

4. For answer to Paragraph 4 of the Complaint, Walgreen denies the allegations of Paragraph 4, except Walgreen admits that it does business in Montgomery County, Alabama, and that Wilson was employed by Walgreen.

5. For answer to Paragraph 5 of the Complaint, Walgreen denies the allegations of Paragraph 5.

6. For answer to Paragraph 6 of the Complaint, Walgreen denies the allegations of Paragraph 6.

7. For answer to Paragraph 7 of the Complaint, Walgreen denies the allegations of Paragraph 7.

8. For answer to Paragraph 8 of the Complaint, Walgreen denies the allegations of Paragraph 8.

9. For answer to Paragraph 9 of the Complaint, Walgreen denies the allegations of Paragraph 9.

10. For answer to Paragraph 10 of the Complaint, Walgreen denies the allegations of Paragraph 10.

11. For answer to Paragraph 11 of the Complaint, Walgreen denies the allegations of Paragraph 11.

12. For answer to Paragraph 12 of the Complaint, Walgreen repeats and incorporates its responses to previous paragraphs.

13. For answer to Paragraph 13 of the Complaint, Walgreen admits that it owns several Walgreen stores in the Central Alabama area, and that it employed Wilson.

14. For answer to Paragraph 14 of the Complaint, Walgreen denies the allegations of Paragraph 14, except Walgreen admits that Wilson was employed February 15, 2004 as a Beauty Advisor at Store 7746, in Montgomery, Alabama.

15. For answer to Paragraph 15 of the Complaint, Walgreen denies the allegations of Paragraph 15.

16. For answer to Paragraph 16 of the Complaint, Walgreen denies the allegations of Paragraph 16, except Walgreen admits that the position of Senior Beauty Advisor would have been a promotion from Beauty Advisor.

17. For answer to Paragraph 17 of the Complaint, Walgreen denies the allegations of Paragraph 17.

18. For answer to Paragraph 18 of the Complaint, Walgreen denies the allegations of Paragraph 18, except Walgreen admits that Wilson was assigned to work with a white female who subsequently held a Senior Beauty Advisor position at Store #2203 in Montgomery and that the hiring decision for that position was made by a white person. Walgreen specifically avers that Wilson did not apply for that Senior Beauty Advisor vacancy.

19. For answer to Paragraph 19 of the Complaint, Walgreen denies the allegations of Paragraph 19.

20. For answer to Paragraph 20 of the Complaint, Walgreen denies the allegations of Paragraph 20.

21. For answer to Paragraph 21 of the Complaint, Walgreen denies the allegations of Paragraph 21, except Walgreen admits that the Senior Beauty Advisor position was filled in Store #6800 in Prattville, Alabama during May 2004, and that the hiring decision was made by

the store manager who was white. Walgreen avers that Wilson did not apply for the Senior Beauty Advisor position in the Prattville store.

22. For answer to Paragraph 22 of the Complaint, Walgreen denies the allegations of Paragraph 22.

23. For answer to Paragraph 23 of the Complaint, Walgreen denies the allegations of Paragraph 23.

24. For answer to Paragraph 24 of the Complaint, Walgreen repeats and incorporates its responses to preceding paragraphs.

25. For answer to Paragraph 25 of the Complaint, Walgreen denies the allegations of Paragraph 25.

26. For answer to Paragraph 26 of the Complaint, Walgreen admits the allegations of Paragraph 26.

27. For answer to Paragraph 27 of the Complaint, Walgreen denies the allegations of Paragraph 27 because the "higher position" is not identified with sufficient specificity. The position of Senior Beauty Adviser at Store #7746 was held during Wilson's employment by Tantameeka Moorer.

28. For answer to Paragraph 28 of the Complaint, Walgreen denies the allegations of Paragraph 28.

29. For answer to Paragraph 29 of the Complaint, Walgreen denies the allegations of Paragraph 29.

30. For answer to Paragraph 30 of the Complaint, Walgreen denies the allegations of Paragraph 30.

31. For answer to Paragraph 31 of the Complaint, Walgreen denies the allegations of Paragraph 31.

32. For answer to Paragraph 32 of the Complaint, Walgreen denies the allegations of Paragraph 32.

33. For answer to Paragraph 33 of the Complaint, Walgreen denies the allegations of Paragraph 33.

34. For answer to Paragraph 34 of the Complaint, Walgreen denies the allegations of Paragraph 34.

35. For answer to Paragraph 35 of the Complaint, Walgreen admits the allegations of Paragraph 35.

36. For answer to Paragraph 36 of the Complaint, Walgreen denies the allegations of Paragraph 36 because the "higher position" is not identified with sufficient specificity. The position of Senior Beauty Adviser at Store #7746 was held during Wilson's employment by Tantameeka Moorer.

37. For answer to Paragraph 37 of the Complaint, Walgreen denies the allegations of Paragraph 37.

38. For answer to Paragraph 38 of the Complaint, Walgreen denies the allegations of Paragraph 38 because Wilson has not identified the "higher position."

39. For answer to Paragraph 39 of the Complaint, Walgreen denies the allegations of Paragraph 39.

40. For answer to Paragraph 40 of the Complaint, Walgreen denies the allegations of Paragraph 40.

41. For answer to Paragraph 41 of the Complaint, Walgreen denies the allegations of Paragraph 41.

42. For answer to Paragraph 42 of the Complaint, Walgreen denies the allegations of Paragraph 42.

43. Walgreen denies the allegations of the prayer for relief and denies that the Plaintiff is entitled to any of the relief that she seeks.

44. Walgreen denies each allegation of the Complaint not previously and specifically admitted.

IN FURTHER ANSWER to the complaint, Walgreen asserts the following affirmative and other defenses:

### FIRST DEFENSE

45. Walgreen avers that the Complaint fails to state a claim against Walgreen upon which relief can be granted under 42 U.S.C. § 1981 or § 2000e, *et seq.*, because Barbara Wilson did not apply for the positions that she claims were discriminatorily denied her, and has neither allegation nor evidence that any position was awarded to a similarly situated white person who did not apply for such position.

### SECOND DEFENSE

46. Plaintiff cannot prove a *prima facie* case of race discrimination because she cannot demonstrate that she applied or made her interest known in the position she claims to have been discriminatorily denied; nor can she demonstrate she suffered an adverse employment action as required by 42 U.S.C. 2000e, *et seq.*.

### THIRD DEFENSE

47. Plaintiff has failed to mitigate her damages.

## FOURTH DEFENSE

48.     Walgreen raises the defense of unclean hands, and reserves the right to plead after-acquired evidence.

## FIFTH DEFENSE

49.     Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she suffered was caused by occurrences other than conduct for which Walgreen is liable as a matter of law.

## SIXTH DEFENSE

50.     Walgreen's decisions or actions regarding the plaintiff's employment were based upon legitimate, nondiscriminatory factors and were not based upon her race.

## SEVENTH DEFENSE

51.     Some or all of plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

52.     Punitive damages are not available because the actions alleged in the Complaint were contrary to Walgreen's policies and good faith efforts to comply with the laws.

## NINTH DEFENSE

53.     Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a.

## TENTH DEFENSE

54.     Walgreen denies that it acted with malice or reckless indifference, and therefore, an award of punitive damages is not appropriate.

## ELEVENTH DEFENSE

55.     Defendant claims all constitutional protection against punitive damages available under the constitution of the United States.

WHEREFORE**,** Walgreen, having answered the complaint, prays that this complaint be dismissed with prejudice, that judgment be entered in its favor on all claims and causes of actions asserted by the plaintiff, and that Walgreen have such other and further relief that this Court deems just and proper, including but not limited to an award of fees and costs expended in defense of any and all frivolous and vexatious claims.

s/John Richard Carrigan
John Richard Carrigan (CAR014)
Alysonne Hatfield (HAT012)
Ogletree, Deakins, Nash, Smoak & Stewart,
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: richard.carrigan@odnss.com
E-mail: alysonne.hatfield@odnss.com
*Counsel for Defendant, Walgreen Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL  36103


<u>s/John Richard Carrigan</u>
John Richard Carrigan (CAR014)
Alysonne Hatfield (HAT012)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: richard.carrigan@odnss.com
E-mail: alysonne.hatfield@odnss.com
*Counsel for Defendant, Walgreen Co., Inc.*