**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| BARBARA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 2:05-CV-00465-D |
| | ) |
| WALGREEN CO., INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

John Richard Carrigan (CAR014)
Alysonne Hatfield (HAT012)
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: richard.carrigan@odnss.com
E-mail: alysonne.hatfield@odnss.com
ATTORNEYS FOR DEFENDANT,
WALGREEN CO., INC.

I.      INTRODUCTION

Ms. Barbara Wilson ("Plaintiff" or "Wilson") has sued Walgreen Co., Inc. ("Defendant" or "Walgreen") for race discrimination in promotion pursuant to 42 U.S.C. § 2000e, et seq., ("Title VII") and 42 U.S.C. § 1981, alleging that she was passed over for promotion for two Senior Beauty Advisor ("SBA") positions (also referred to as "Head Cosmetician" positions in Plaintiff's Complaint), and that Defendant engaged in a pattern and practice of race discrimination.  Plaintiff has no direct evidence of race discrimination affecting her or anyone else, and she has no evidence whatsoever of a pattern and practice of race discrimination.  Plaintiff does not have sufficient circumstantial evidence to show a racial motive in either promotion decision; nor does she have any evidence to dispute Walgreen's legitimate, nondiscriminatory reason for selecting other persons for these jobs, and she has no evidence of pretext.

II.     STATEMENT OF FACTS

   A.     Plaintiff's Employment at Walgreen

Ms. Wilson began working for Walgreens in February, 2004, as a sales clerk at Walgreen's Store No. 7746[1], located at 6680 Atlanta Highway in Montgomery, Alabama. (Wilson depo., attached as Tab A, p. 7, l. 19-p. 8, l. 22).  In her application, Ms. Wilson expressed a preference to be considered as either a service clerk, or a clerk in the store's photography department.  (Wilson depo., p. 57, l. 9-15; Exh. 3).  Wilson testified that when she began her employment for Walgreen, she told her store manager, JoAnn Jones, that she was interested in being considered for promotions within the store.  (Wilson depo. p. 58, l. 16 - p. 59, l. 17).  Subsequently, Ms. Jones promoted Wilson to the Beauty

---

[1] Throughout her deposition, Ms. Wilson refers to Store No. 7746, located at 6680 Atlanta Highway, as the "Brown Springs" store.  (Wilson depo., p. 56, l. 18 - p. 57, l. 3).

Advisor ("BA") position in the cosmetics department in Store No. 7746, where she had an opportunity to earn more money than as a service clerk, as well as to earn "PM's", or "Promotional Money" incentives on the cosmetics she sold. (Wilson depo., p. 58, l. 16 - p. 59, l. 17; Jones Decl., attached as Tab B, ¶ 4). Ms. Wilson's rate of pay when she worked as a Beauty Advisor for Walgreens was $6.20 per hour. (Wilson depo., p. 9, l. 10-18, p. 10, l. 1). At all times that Ms. Wilson worked as a Beauty Advisor at Store No. 7746, the Senior Beauty Advisor for that store was Tantameka Moorer (referred to in Ms. Wilson's deposition as "Tan") who is African-American, and whom JoAnn hired from outside of Walgreen into the SBA position. (Wilson depo., p. 9, L. 10-18, p. 83, l. 9-10).

  B.  **The Disputed Promotions**

  1.  **Wilson Never Applied for the May 2004 Senior Beauty Advisor Position at Walgreen's Prattville Store.**

Paragraph 21 of Wilson's Complaint alleges that, "during May, 2004, the employer filled head cosmetician positions in the employer's Prattville store. The hiring decision was made by a white person." (Wilson depo., p. 70, l. 10-16; Exh. 4, ¶ 21). However, Ms. Wilson has no recollection of any SBA vacancy in Walgreen's Prattville store, and was not aware of why any such allegation was included in her Complaint. (Wilson depo., p. 70, l. 10-23). Ms. Wilson never applied for any such position at Walgreen's Prattville store, and she not know the identity or experience level of the successful applicant for that position. (Wilson depo., p. 71, l. 1-13). Moreover, Ms. Wilson did not include any such allegation about the May 2004 SBA vacancy in Prattville in her October 2004 EEOC Charge. (Wilson's depo., Exh. 1).

**2.     Wilson Never Applied for the June 2004 Senior Beauty Advisor Position at New Perry Hill Road Store**

Walgreen opened a new store, No. 2203, on Perry Hill Road in Montgomery in the summer of 2004. While the Perry Hill Road store was under construction, a marquee in front of the store notified the public that interested persons were to submit their applications for employment on Walgreen's website. (Jones Decl., ¶ 2). Ms. JoAnn Jones selected Ms. Angela Duke, who applied on-line for employment at the Perry Hill Road store, as the SBA there in June 2004 because she had an employment background in customer service, and because she had a friendly and hard-working demeanor. (Jones Decl., ¶ 3).

Ms. Wilson did not submit an application for the SBA position at the Perry Hill Road store in June 2004. (Wilson depo., p. 40, l. 10 - p. 41, l. 5). Ms. Wilson was aware, however, that Walgreen was opening a new store on Perry Hill Road during the time in question, and that her store manager, Ms. JoAnn Jones, was responsible for staffing that store. (Wilson depo., p. 41, l. 21 - p. 42, l. 7). Moreover, while Ms. Wilson was aware that the new Perry Hill Road store would require an SBA, she neither informed Ms. Jones, nor anyone else in Walgreen's management,[2] of her interest in such a position, or in a transfer to the Perry Hill Road store. (Wilson depo., p. 42, l. 12 - p. 43, l. 10). In fact, Ms. Wilson acknowledges that she never told anyone at Walgreen that she was interested in being the SBA at the Perry Hill Road store at that time. (Wilson depo., p. 42, l. 12 - p. 42, l. 10). Wilson did, however, inquire with Ms. Jones regarding employment opportunities for her twenty-one year-old daughter at the new Perry Hill

---

[2] At that time, Ms. Wilson worked under Store Manager JoAnn Jones, and Executive Assistant Store Managers ("EXAs") Mario Escobar and David Greenwood. (Wilson depo. p. 7, l. 19 - p. 9, l. 2)

4

Road store, and recalls her daughter being required to submit an on-line application for a position at that store. (Wilson depo., p. 51, l. 8 - p. 54, l. 5; Jones Decl., ¶5).

      Although Ms. Wilson acknowledges that she never submitted an application for the June 2004 Perry Hill Road SBA position, she testified in deposition that she trained the successful applicant, "Angela," and Ms. Wilson feels that she was better qualified for that position than was Angela Duke. (Wilson depo., p. 38, l. 10 - p. 41, l. 5). Wilson bases her belief that her own qualifications for the SBA job were superior to Ms. Duke's because Ms. Duke allegedly said that Ms. Wilson did a better job of training her than did Store No. 7746's SBA, Tantameka Moorer. (Wilson depo., p. 38, l. 18 - p. 39, l. 8). According to Ms. Wilson, Ms. Duke also told her that that she did not have any prior experience in cosmetics, and that she earned $8.00 per hour as an SBA. (Wilson depo., p. 44, l. 14 - p. 45, l. 23). At the time she was allegedly assigned to train Ms. Duke, Wilson herself had only been employed by Walgreen as a Beauty Advisor for "like 2 months," and her prior employment history was as a packer at an Alagold Riverdale textile plant. (Wilson depo., p. 56, l. 12-17, p. 60, l. 4-13, p. 69, 9-22).

      Although Ms. Wilson neither applied for, nor expressed interest in, the June 2004 SBA position to Ms. Jones, or anyone else at Walgreen, Ms. Wilson believes that JoAnn Jones should have let Ms. Wilson know specifically that she was looking to fill an SBA position at the Perry Hill Road store. (Wilson depo., p. 46, l. 2-21). Ms. Wilson believes that being required to train Ms. Duke was a discriminatory act because it made her feel as though she was not good enough for the SBA job, even though no one at Walgreen ever told her that she was "not good enough" for that position, and she admits she felt that way

5

simply because someone else was selected for a position for which she neither applied, nor expressed interest. (Wilson depo., p. 138, l. 22 - p. 140, l. 1).

### 3. Ms. Wilson Applied for, but Withdrew from Consideration for, the January 2005 Senior Beauty Adviser Job at the Perry Hill Road Store

In January 2005, Ms. Duke voluntarily resigned from her SBA position at the Perry Hill Road store, and Ms. Wilson submitted an application for that vacancy[3]. (Wilson depo., p. 23, l. 9 - p. 24, l. 3, p. 40, l. 10 - p. 41, l. 5). Ms. Jones informed Ms. Wilson of the opening and also reminded her to timely submit her application in for the position. (Wilson depo., p. 141, l. 8-14). After Ms. Wilson submitted an application for the second Perry Hill Road SBA vacancy, Mr. Wallace (then Store Manager at the Perry Hill Road Store) interviewed Wilson. (Wilson depo., p. 23, l. 16 - p. 25, l. 10, p. 68, l. 11-16; Jones Decl. ¶ 10). During her interview with Mr. Wallace, Wilson testified that Wallace told her that her cosmetics sales were "real good" and that she had a good chance for the SBA position. (Wilson depo., p. 24, l. 16 - p. 25, l. 10, p. 106, l. 21 - p. 107, l. 10). Mr. Wallace never brought up any concerns he had with her current performance or with her qualifications to be a SBA. (Wilson depo., p. 25, l. 11 - p. 26, l. 20, p. 107, l. 16 - p. 108, l. 9).

Before Mr. Wallace made a hiring decision with respect to the SBA position at the Perry Hill Road store, however, he was transferred to another Walgreen store and was replaced as Store manager at the Perry Hill Road store by Ms. Candace Epps, who is African-American. (Wilson depo., p. 26, l. 15 - p. 27, l. 17). Nevertheless, Ms. Wilson voluntarily withdrew her application. (Wilson depo., p. 25, l. 11 - p. 26, l. 20, p. 107, l.

---

[3] While the January 2005 SBA vacancy is undisputedly the only SBA position for which Wilson ever actually applied, she does not allege in her Complaint that she was denied this position because of her race. (Wilson's depo., Exh. 4).

6

16 - p. 108, l. 9). Moreover, Wilson did not further inquire about the Senior Beauty Advisor position at the Perry Hill Road store when Epps took over as the Perry Hill Road Store Manager, and Ms. Epps ultimately selected ShaRonda Febler, who is also African-American, for that job. (Wilson depo., p. 26, l. 21 - p. 27, l. 17; Jones Decl. ¶ 10).

### E.  Plaintiff's Voluntary Resignation

Ms. Wilson last worked at Walgreen in March, 2005. (Wilson depo., p. 6, l. 19-21, p. 64, l. 21 - p. 65, l. 8). Wilson testified she left Walgreen because she was "under a lot of stress and emotional stress," and because her supervisors made her feel as though "nothing (she) was doing right and always complaining about different things and that caused me, you know, to get upset and emotionally stressed and cry all the time." (Wilson depo., p. 11, l. 6 - p. 13, l. 13). On the last day of Ms. Wilson's employment, her EXA, Mario Escobar, inquired why she had not made more progress with her L'Oreal reset, to which Wilson raised her voice and responded, "don't start with me." (Wilson depo., p. 119, l. 10 - p. 120, l. 19, p. 125, l. 19 - p. 126, l. 14). After Ms. Wilson told Mr. Escobar to not "start" with her, she was asked to come to the break room so that she could be given a written counseling. (Wilson depo., p. 120, l. 6 - p. 121, l. 13). Ms. Wilson refused to sign the written counseling, and informed Mr. Escobar that he was "the devil." (Wilson depo., p. 19, l. 4 - p. 20, l. 20, p. 121, l. 14 - p. 122, l. 19). On the same day, Ms. Wilson quit her employment at Walgreen by walking out of the store while on an assigned shift. (Wilson depo., p. 21, l. 19 - p. 22, l. 10). Since her departure, Ms. Wilson has remained unemployed, and has submitted applications for employment only to Hyundai and CVS. (Wilson depo., p. 6, l. 17-21, p. 96, l. 1 - p. 97, l. 13).

### F.     Plaintiff's Pattern and Practice Allegations

Ms. Wilson raised no "pattern and practice" allegations in her October 2004 EEOC Charge, but in her Complaint alleges that Walgreen has "exhibited a pattern of race discrimination," and states that "at least one other Black cosmetician," whom Wilson identified in her deposition as Kim Freeman, was discriminatorily denied an SBA promotion. (Wilson depo., p. 71, l. 14 - p. 72, l. 22; Exh. 4, ¶ 23). Wilson is not aware of what, if any, SBA positions Ms. Freeman has applied for, and she is not aware of Ms. Freeman's experience or qualifications for that position. (Wilson depo., p. 72, l. 3-22).[4]

Ms. Wilson also alleged in her Complaint that "another fully qualified and trained black employee has been denied a promotion to store manager." (Wilson depo., p. 74, l. 10-17; Exh. 4, ¶23). Ms. Wilson testified that the fully trained and qualified black employee referred to in paragraph 23 of her Complaint is Ms. Candace Epps,[5] whom she acknowledged is currently the Store Manager for the Perry Hill Road store. (Wilson depo., p. 74, l. 18 - p. 76, l. 10). Ms. Wilson testified that she has had no conversations with Candace Epps or Kim Freeman about the facts of her case, or the facts of their cases against Walgreen. (Wilson depo., p. 138, l. 1-16).

### III.    ARGUMENT

####    A.    Summary Judgment Standard

Summary judgment is proper under Federal Rule of Civil Procedure 56(c) where the movant shows there is no genuine issue of material fact and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. Earley v. Champion

---

[4] Ms. Freeman, represented by the same attorney as Ms. Wilson, filed Civil Action 2:05cv00356-WHA, with similar allegations. Judge Albritton granted summary judgment in favor of Walgreen on January 31, 2006.

[5] Ms. Epps, represented by the same attorney as Ms. Wilson and Ms. Kimberly Freeman, made similar allegations in 2:05cv00498–MHT, in which Walgreen's motion for summary judgment is pending.

8

International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990).  For a question of fact to be genuine, the party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  Irby v. Bittick, 44 F.3d 949, 953 (11th Cir. 1995) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

To defeat summary judgment, a plaintiff's evidence must be admissible or reducible to admissible form at trial.  Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1135 (11th Cir. 1996), modified on other grounds, 102 F.3d 1118 (11th Cir. 1996), cert. denied, 520 U.S. 1274 (1997).  Thus, a plaintiff cannot use inadmissible hearsay to defeat a motion for summary judgment where the hearsay will not be reducible to admissible form at trial.  Id.  In considering a motion for summary judgment, the trial court must, of course, consider all the evidence in the light most favorable to the non-movant.  Earley, 907 F.2d at 1080.  During this process, however, the court is only required to resolve reasonable doubts in the non-movant's favor; it is not required to resolve all doubts in his favor.  Irby, 44 F.3d at 953; Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607, 609 (11th Cir. 1987).

### B.  Wilson Fails to State a Claim of Promotion Discrimination

Plaintiff does not have any direct evidence of discrimination, and thus must prove her claims through the circumstantial evidentiary model set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Cooper v. Southern Co., 390 F.3d 695, 724-25 (11th Cir. 2004) (holding that the same prima facie case and burden-shifting mechanisms apply to Title VII and § 1981 claims).  To properly state a claim for promotion discrimination based on race, Wilson must show (1) she is a member of a protected class,

9

(2) that she was qualified and applied for the promotion, (3) that she was rejected for the promotion, and (4) that someone outside her protected class filled the position. See Summerlin v. M & H Valve Co., No. 05-11030, 2006 WL 93131 at *2 (11th Cir. January 17, 2006) (per curiam).

If Wilson states a prima facie case of promotion discrimination, the burden of production shifts to Walgreen to articulate a legitimate, nondiscriminatory reason for the disputed employment action. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 246, 254 (1981). Plaintiff may only survive summary judgment if she establishes that Walgreen's reasons for denying her a promotion to SBA in June 2004 were pretextual by showing Walgreen denied her such a promotion based on her race. See Lee v. GTE Fla., Ind., 226 F.3d 1249, 1253 (11th Cir. 2000), cert. denied, 532 U.S. 958 (2001).

### 1.    Plaintiff Fails to Make a Prima Facie Case

Plaintiff does not have a prima facie case of race discrimination because she did not apply for either disputed SBA job, and Walgreen did not have any reason or duty to consider her for such a position. See Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1345 (11th Cir. 2003); Walker v. Prudential Property and Casualty Ins. Co., 286 F.3d 1270, 1275-76 (11th Cir. 2002).

Plaintiff admits that she did not apply for the two SBA jobs she alleges to have been discriminatorily denied. (Wilson depo., p. 40, l. 10 - p. 41, l. 9, p. 71, l. 1-13). Plaintiff may argue that she should be excused from establishing the application requirement because Walgreen did not formally post the Prattville[6] and Perry Hill Road

---

[6] Wilson alleges for the first time in her Complaint that she was also discriminatorily denied an SBA position at Walgreen's Prattville store in May 2004. (Wilson depo., Exh. 4, ¶ 23). In her deposition, Ms.

10

SBA openings at her store, but this argument fails because Walgreen has no legal duty to post all vacancies at all its stores.  See Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577-78 (1978) (holding that a plaintiff cannot establish a Title VII violation simply by arguing that "different practices would have enabled the employer to at least consider, and perhaps to hire, more minority employees.").

Plaintiff cannot circumvent the application requirement of her prima facie case because she has put forth no showing that Walgreen follows the sort of informal, word-of-mouth job-posting procedure that would result in job information being available only to Caucasian employees.  See Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1133 (11th Cir. 1984) (plaintiff's co-workers were being awarded promotions that they learned about at all white lunches at the plant from which plaintiff was excluded).  To the contrary, Walgreen directed the general public on the marquee of its yet-unfinished Perry Hill Road store that interested persons should apply for employment via its internet website, hardly the sort of practice warned against in Carmichael that would limit the flow of information to African American applicants.  Importantly, Plaintiff concedes that she knew Walgreen was opening a new store, and that JoAnn Jones was the individual responsible for staffing that store, yet she inexplicably failed to either submit an application or inform Ms. Jones of her interest in working there.  (Wilson depo., p. 68, l. 17 - p. 69, l. 8, p. 78, l. 1- p. 79, l. 18).  No practice of Walgreen impeded the flow of information to Plaintiff; she simply failed to act upon the information available to her.

---

Wilson did not appear to know why her Complaint contained such an allegation, and any promotion claim with respect to that job is waived in any event because she did not raise it in her October 2004 EEOC Charge. (Wilson depo., p. 71, l. 1 - p. 75, l. 12, Exh. 1).  See 42 U.S.C. § 2000e-5(e) and (f)(1) (1994); see also Dunlap v. Kansas Dept. of Health and Environment., 127 Fed. Appx. 433, 438 (10th Cir. 2005); Trevino-Barton v. Pittsburgh Nat. Bank, 919 F.2d 874, 878 (3rd Cir. 1990) (holding that federal courts do not have jurisdiction to entertain Title VII claims unless such claims were previously raised with the EEOC).

Plaintiff's allegations are much like those in Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1345, and likewise fail. In Smith, the plaintiff told her supervisor that she was generally interested in any available position at the company after her position was eliminated. 352 F.3d at 1344. Despite the fact that she was aware of several open positions between the day of her termination meeting and her last day of work, the plaintiff neither applied for, nor specifically expressed interest in, any of those available jobs. Id. The Eleventh Circuit Court of Appeals held that Carmichael's application exception did not apply because the employer posted available positions "on the company's website or in local newspapers," and because the plaintiff admittedly knew of the available positions, but chose not to formally apply. Id. at 1346.

Similarly, it is uncontroverted that Plaintiff knew that Walgreen was opening a new store on Perry Hill Road, that it would have an available SBA opening, and that JoAnn Jones was the individual responsible for staffing the new Perry Hill Road store. (Wilson depo., p. 42, l. 21 - p. 43, . 10). While the Perry Hill Road store was still under construction, Walgreen notified the public on a marquee in front of the store that anyone interested in employment at the new store should submit an on-line application, and Wilson evidently knew to consult with Ms. Jones on when and how her daughter should apply for employment at the Perry Hill Road store. (Jones Decl., ¶¶ 2 & 5; Wilson Depo., p. 50, l. 6 - p. 52, l. 8). However, Plaintiff neither submitted an on-line application, nor did she inform JoAnn Jones of her interest in the Perry Hill Road SBA position. (Wilson depo., p. 40, l. 10 - p. 43, l. 10; Jones Decl. ¶ 6). As in Smith, Plaintiff knew of the Perry Hill Road position, chose not to apply, and her prima facie case of promotion discrimination fails. See Smith, 352 F.3d at 1346.

Even if Plaintiff were excused for failing to meet the application requirement of her prima facie case, however, she is simply unable to demonstrate that Walgreen had a reason or a duty to consider her for an SBA job at either the Prattville or Perry Hill Road stores. Eleventh Circuit case law makes clear that Plaintiff must show that she expressed interest to the decision-maker at issue to satisfy this requirement. See Roberts v. Gadsden Memorial Hosp., 835 F.2d 793, 798 (11th Cir. 1988) (employer had reason to know plaintiff was interested in position because he had previously applied for same job when it was available earlier); Miller v. Bed, Bath & Beyond, 185 F. Supp. 2d 1253, 1267 n.13 (N.D. Ala. 2002) (employer had reason to know of plaintiff's interest in promotion because plaintiff "told the relevant decision maker . . . that she desired to be promoted to a management position").

As a matter of law, Ms. Jones cannot be said to have discriminated against Plaintiff on the basis of race when she did not know of her supposed interest in promotion. See Walker v. Prudential Property and Casualty Ins. Co., 286 F.3d at 1275 ("If a decision-maker is unaware of the plaintiff's existence, then he is simply unable to discriminate against (her), and any presumption of discrimination is unfounded."). As in Walker, where the Eleventh Circuit held that the plaintiffs failed to make their prima facie case because, although the contested employment decision at issue was made by informal means, the employer had no reason or duty to know of the plaintiffs' interest in the position, Wilson's promotion claims fails as a matter of law. 286 F.3d at 1275-76.

### 2. Walgreen Had Legitimate, Nondiscriminatory Reasons for Not Promoting her to the Perry Hill Road SBA Position

Even if Plaintiff had applied for the SBA job at issue, or that the decision maker had a reason or a duty to know she was so interested, she cannot show that the legitimate,

13

nondiscriminatory reasons for not selecting her are pretext for unlawful discrimination. Plaintiff "must show not merely that the defendant's decisions were mistaken but that they were in fact motivated by (race)." See Lee v. GTE Fla., Inc., 226 F.3d at 1253.

Walgreen has offered evidence that Ms. Jones exercised her business judgment to fill the SBA positions with the best available candidates known to her. (Jones Decl., ¶ 6). Ms. Angela Duke submitted an on-line application for employment at the new Perry Hill Road store, which JoAnn Jones was responsible for staffing, and Ms. Jones selected Ms. Duke because of her extensive customer service back ground, and because of her friendly and out-going demeanor. (Jones Decl., ¶ 3).

Plaintiff offers no evidence to suggest, much less prove, that Ms. Jones's reasons for selecting Ms. Duke were pretext for a discriminatory motive. Plaintiff's own sworn testimony establishes that Jones had no reason to know of her interest in the June 2004 SBA vacancy at the Perry Hill Road store, and she can offer no evidence to support her claims other than her own subjective belief that she was not chosen for the sought-after SBA jobs due to her race. (Wilson depo., p. 67, l. 9 - p. 69, l. 8, p. 78, l. 1 - p. 79, l. 7); see Standard v. A.B.E.L. Services, Inc., 161 F.3d 1313, 1332-33 (11th Cir. 1998); Baltazor v. Holmes, 162 F.3d 368, 377, n.11 (5th Cir. 1998) ("A subjective belief alone is insufficient to create a jury question."). In fact, rather than presenting evidence that Jones was motivated not to promote her based on her race, Wilson has provided evidence that Jones promoted her from service clerk to Beauty Advisor, a position in which she could earn "PM" commissions in addition to her salary, within a short time of her hire by Walgreen. (Wilson depo., p. 8, l. 8 - p. 9, l. 9, p. 58, l. 16 - p. 60 l. 10). Moreover, Ms. Jones had already hired Ms. Moorer, who is African-American, as the SBA for Store No.

7746, and she also informed Ms. Wilson of the January 2005 SBA vacancy, and encouraged her to submit an application for that job[7]. (Wilson depo., p. 7, l. 19 - p. 9, p. 41, l. 21 - p. 44, l. 13, p. 141, l. 8-14).

Therefore, Plaintiff cannot satisfy her burden to show that Jones was motivated by race, and Walgreen is entitled to judgment as a matter of law. See Walker, 286 F.3d at 1274 (observing that, "[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent. When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker.") (citations and internal quotations omitted).

### C.   Plaintiff's Allegations of a Pattern of Race Discrimination Also Fail

Plaintiff's allegations of a pattern and practice of race discrimination cannot be sustained for two reasons. First, and most importantly, such a claim fails as a matter of law if brought by a single, private plaintiff. See EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000) (observing that a pattern and practice claim may be brought either "by the EEOC if there is reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination … or by a class of private plaintiffs under 42 U.S.C. § 2000e.") (emphasis added).

Secondly, "in a pattern and practice disparate treatment case, the plaintiff must prove, normally through a combination of statistics and anecdotes, that discrimination is the company's standard operating procedure." Cooper v. Southern Co., 390 F.3d at 724 (citations and internal quotations omitted); Maddox v. Claytor, 764 F.2d 1539, 1557 (11th

---

[7] Further detracting from Wilson's argument that Jones would have had any reason to know of her interest in the Perry Hill Road vacancy is her admission that she sought Ms. Jones's assistance in submitting her own daughter's application for employment at that store. (Wilson depo., p. 50, l. 6 - p. 52, l. 8). It is Walgreen's policy and practice to prohibit employees in the same family from working at the same store. (Jones's Decl., ¶ 5).

15

Cir. 1985) (holding that "[e]vidence of mere isolated or accidental or sporadic discriminatory acts will not suffice to show a pattern or practice of discrimination.") (internal quotations and citations omitted). Plaintiff cannot meet her burden in this case.

Here, Plaintiff offers no statistical evidence of a pattern or practice of racial discrimination. Her evidence shows instead that the SBA position at her own store was occupied by Tantameka Moorer, an African-American female who was hired into that position by JoAnn Jones, the same decision-maker whom Wilson alleges discriminatorily denied her such a promotion. (Wilson depo., p. 9, l. 10-18, p. 79, l. 8 - p. 80, l. 6, p. 82, l. 9-10; Jones Decl. ¶ 7). Moreover, Wilson's sworn testimony indicates Ms. Jones told her of the January 2005 SBA vacancy, and reminded her to timely submit her application for that position. (Wilson depo., p. 141, l. 8-14).[8]

The extent of Plaintiff's pattern and practice allegations consist of her unfounded conclusions that another African-American Walgreen employee, Kim Freeman, was denied an SBA job at the Perry Hill Road Store, and that another African American employee, Candace Epps, was discriminatorily denied a Store Manager's job in favor of a less qualified, Caucasian employee. (Wilson depo., Ex. 4, ¶ 23). Plaintiff admits, however, that she actually knows nothing of Ms. Freeman's and Ms. Epps' relative qualifications, and her suggestion that Walgreen's treatment of Ms. Epps is evidence of a pattern of racial discrimination is particularly suspect considering that it is uncontroverted that Walgreen actually did promote Ms. Epps to Store Manager, and she is currently managing the Perry Hill Road store. (Wilson depo., p. 71, l. 14 - p. 76, l. 7; Jones Decl. ¶ 10). Likewise, Ms. Freeman's allegations of race discrimination have been

---

[8] That January 2005 vacancy was also filled by an African-American. (Epps depo., p. 8, l. 10 - p. 10, l. 4; Jones Decl. ¶ 10).

16

dismissed on summary judgment by Judge Albritton in 2:05cv00356-WHA on January 31, 2006. All that remains are Wilson's own allegations of disparate treatment, which are insufficient to state a pattern and practice claim as a matter of law, and Walgreen is thus entitled to summary judgment. See Hughes v. Ala. Dept. of Public Safety, 994 F. Supp. 1395, 1401 (M.D. 1998) (observing that "an employer's treatment of one other employee does not establish a pattern and practice.").

## IV.    CONCLUSION

Plaintiff's discrimination in promotion claim fails as a matter of law because she has no direct evidence, and fails to make a prima facie case of circumstantial evidence. Plaintiff never applied for the promotions sought in this action, and she cannot demonstrate Walgreen had any reason or duty to consider her for such promotions. Plaintiff has no evidence that white employees similarly situated were treated better than she was treated, nor evidence that the explanation for selecting other individuals was a pretext for discrimination. Her allegation of a pattern of discrimination is based on nothing more than her own, subjective beliefs, and Walgreen is entitled to summary judgment.

Respectfully submitted,

s/Alysonne O. Hatfield
J. Richard Carrigan (CAR014)
Alysonne O. Hatfield (HAT012)
Attorneys for Defendant
Ogletree, Deakins, Nash, Smoak
      & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: Richard.Carrigan@odnss.com

Alysonne.Hatfield@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on the March 15, 2006, I electronically filed the foregoing Defendant's Brief in Support of Its Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Jay Lewis.

s/ Alysonne O. Hatfield
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
E-mail: Alysonne.Hatfield@odnss.com
