FROM : WALGREENS ATLANTA HWY 774    FAX NO. : 3344095742    May. 25 2005 10:05AM  P3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 MAY 19  P 3:40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| BARBARA WILSON, Plaintiff, | ) ) ) |
| v. | ) )  Case No. 2:05cv465-D |
| WALGREEN CO, INC., Defendant | ) ) )  *Jury Demand* |

## COMPLAINT

Comes now Plaintiff BARBARA WILSON (hereinafter, "Wilson") against the above-captioned defendant, WALGREEN CO., INC. (hereinafter, "the employer") and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Wilson files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e, et seq.), as amended, and 42 U.S.C.A. § 1981. Jurisdiction is proper in the U.S. District Court as a consequence of Freeman's having received a Notice of Right to Sue pursuant to her charge of discrimination filed with the EEOC. This action is timely filed.

2. The violations of Wilson's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. The employer, however, is a corporation and has a place of business and does business within Montgomery County in the Middle District of Alabama. Venue


DEFENDANT'S EXHIBIT 4 Wilson

is thus proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(c).

## PARTIES

3. Wilson, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Wilson is a Black female employee of the employer.

4. The employer is a business entity doing business in Montgomery County, Alabama, a better denomination of which is presently unknown to Wilson, and at all times material hereto was the employer of Wilson.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Wilson's rights and for a permanent injunction, restraining the employer from maintaining a policy, practice, custom or usage of discrimination against Wilson because of her race with respect to employment, promotion, compensation, terms, conditions and privileges of employment. The Complaint also seeks restitution to Wilson of all rights, privileges, benefits and income that would have been received by Wilson but for the employer's unlawful and discriminatory practices. Further, Wilson seeks compensatory and punitive damages for the wrongs alleged herein.

6. Wilson avers that the employer denied Wilson her rights under the laws of the United States of America and that such actions by the employer were designed to discriminate against her as to employment.

7. Wilson avers that the alleged wrongful actions were designed to prevent her and others similarly situated from obtaining an equality with White persons in employment, promotions and pay.

8. Wilson avers that the actions of the employer were intended to specifically deny her rights because she is Black.

9. As a proximate result of the illegal actions alleged above, Wilson has been damaged in that she has been deprived of employment, pay, and opportunity for promotion and pay increases.

10. As a direct and proximate result of the aforesaid acts of the employer, Wilson has suffered loss of promotions, elevated status, pay, and benefits, has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

11. Wilson avers that the employer acted willfully, knowingly and purposefully with the specific intent to deprive Wilson of her rights as alleged above and to cause Wilson mental anguish and public ridicule and to discriminate against her because of her race, or that it acted recklessly, wantonly, and in knowing violation of Wilson's substantial rights, knowing that she was substantially certain to suffer as a consequence.

## FACTS

12. Wilson expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

13. All of the Walgreen stores in the central Alabama area are owned and operated by the same entity, Wilson's employer.

14. Wilson was employed by the employer in February 15, 2004, as a Beauty Adviser/Cosmetician at the employer's store on Atlanta Highway in Montgomery, Alabama.

15. On at least two separate occasions, Wilson notified her White male Store Manager that

she wanted to advance with the employer's company through promotion and cross-training.

16. The position of Head Cosmetician would have been a promotion for Wilson.

17. The Store Manager took no action on her request.

18. During June, 2004, Wilson was assigned to train a newly hired White female to fill a Head Cosmetician's position in the employer's new Perry Hill Road, Montgomery store. The hiring decision was made by a White person.

19. The position was filled by a White female who was significantly less qualified than Wilson.

20. The Montgomery position was never posted; thus, Wilson had no opportunity to apply for it.

21. During May, 2004, the employer filled a Head Cosmetician's position in the employer's Prattville store. The hiring decision was made by a White person.

22. The position was filled by a White female who was significantly less qualified than Wilson and, furthermore, had no experience working for the employer.

23. The employer has exhibited a pattern of racial discrimination in its operations in the central Alabama area. At least one other Black cosmetician has been denied a promotion in favor of a less-qualified, newly-hired White applicant. Another fully-qualified and trained Black employee in has been denied a promotion to Store Manager.

## CAUSES OF ACTION

24. Wilson expressly adopts as to each cause of action as if set forth therein the averments of each of the foregoing paragraphs.

### COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C.A. § 2000e, et seq.

25. Wilson is fully qualified for the position she held with the employer, and she has always performed her job in a manner that has met the employer's reasonable expectations.

26. Wilson is a member of a protected class, Black.

27. A higher position became open.

28. Wilson had made known to upper management her interest in promotion to a higher position.

29. Wilson was fully qualified for promotion to the higher position.

30. Wilson was denied promotion to the higher position by virtue of the fact that the position was never posted in accordance with the policies of the employer, preventing her from directly applying for it.

31. A member of a non-protected class, White, who was no better qualified than Wilson was selected for the position.

32. Wilson further avers that the employer's discrimination based on race had the effect of limiting and/or segregating her from other workers and applicants, thereby depriving her of an employment opportunity.

33. Wilson has been damaged as a result in that she has suffered a loss of status, prestige, pay and benefits, and she has suffered great embarrassment, humiliation, emotional distress and severe mental anguish.

## COUNT TWO - RACE DISCRIMINATION UNDER 42 U.S.C.A. § 1981

34. Wilson is fully qualified for the position she held with the employer, and she has always performed her job in a manner that has met the employer's reasonable expectations.

35. Wilson is a member of a protected class, Black.

36. A higher position became open.

37. Wilson had made known to upper management her interest in promotion to a higher position.

38. Wilson was fully qualified for promotion to the higher position.

39. Wilson was denied promotion to the higher position by virtue of the fact that the position was never posted in accordance with the policies of the employer, preventing her from directly applying for it.

40. A member of a non-protected class, White, who was no better qualified than Wilson was selected for the position.

41. Wilson further avers that the employer's discrimination based on race had the effect of limiting and/or segregating her from other workers and applicants, thereby depriving her of an employment opportunity.

42. Wilson has been damaged as a result in that she has suffered a loss of status, prestige, pay and benefits, and she has suffered great embarrassment, humiliation, emotional distress and severe mental anguish.

### PRAYER FOR RELIEF

WHEREFORE, Wilson demands judgment for herself and against the employer as follows:

a) Wilson prays that the Court will enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C.A. § 2000e, et seq., and 42 U.S.C.A. § 1981;

b) Wilson prays that the Court will Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of law that they do not discriminate on the basis of race;

FROM : WALGREENS ATLANTA HWY 77    FAX NO. : 3344095742    May. 25 2005 10:08AM P9

c)  Wilson demands compensatory and punitive damages of Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C.A. § 2000e by and through 42 U.S.C. 1981(a), and further demands compensatory and punitive damages of Three Hundred Thousand dollars as to claims cognizable under 42 U.S.C.A. § 1981;

d)  Wilson prays that the Court will grant her the cost of this action including reasonable attorneys' fees;

e)  Wilson prays that the Court will grant her such equitable relief as may be available under relevant statutes as to which she may be entitled, including back pay, front pay, and instatement;

f)  Wilson prays, in the alternative, that she be granted nominal damages and equitable relief;

g)  Wilson prays that the Court will enjoin the employer from any further discrimination;

h)  Wilson prays that the Court will grant to her such other, further and different relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the ___19___ day of May, 2005.

JAY LEWIS (LEW031)
Plaintiff's Attorney

LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)
334-832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.