UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON,<br>    Plaintiff | *<br>*<br>* |
| v. | *   Civil Case No. 2:05-cv-465-ID<br>* |
| WALGREEN CO., INC.,<br>    Defendant. | *<br>*<br>* |

**PLAINTIFF'S MOTION TO STRIKE DECLARATION OF JOANN JONES**

COMES NOW Plaintiff in the above-styled action, by and through counsel, and moves this Court to strike certain portions of the declaration of JoAnn Jones from the defendant's evidentiary submission in support of its motion for summary judgment, and in support of which would show the Court as follows:

1. JoAnn Jones, Store Manager for the defendant, submitted a declaration in support of Defendant's motion for summary judgment. (Tab B).

2. Rule 56(e), F.R.Civ.P. provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

3. Certain portions of JoAnn Jones' declaration should be stricken because it contains conclusions, speculation and lack of foundation, thereby failing to set forth facts on which the personal knowledge is based, violating Rule 56(e), F.R. Civ.P., and Federal Rules of Evidence 602. "An affidavit must be stricken if it is a conclusory argument rather than a

statement of fact, or when the affidavit is not based on personal knowledge." *Johnson v. Scotty's, Inc.*, 119 F.Supp. 2d 1276, 1281 (M.D. Fla. 2000), see *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). See also Rule 56(e), F.R.Civ.P.

4. The declaration of JoAnn Jones contains conclusions and lack of foundation at paragraph 3 ("...and I considered her to be qualified because she had a customer service-oriented employment background...").

5. The declaration of JoAnn Jones contains conclusions, speculation and lack of foundation at paragraph 6 ("Had Ms. Wilson submitted an application, and been interviewed, I would have selected Ms. Duke because I considered Ms. Duke to be better qualified than Ms. Wilson because of her more extensive customer-service background.").

WHEREFORE, the premises considered, Plaintiff prays that the Court will strike said portions of JoAnn Jones' declaration.

RESPECTFULLY SUBMITTED this __13th__ day of April, 2006.

/s/ JAY LEWIS
JAY LEWIS
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on the following parties or attorneys by filing the same with the CM/ECF system which will send a copy to the same, by hand delivery or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid, on this 13th day of April, 2006.

John Richard Carrigan
Alysonne Hatfield
Ogletree, Deakins, Nash, Smoak & Stewart
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203

/s/ JAY LEWIS
Jay Lewis (LEW031)
Attorney for Plaintiff
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J