UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BARBARA WILSON,** * | |
| Plaintiff * | |
| * | |
| v. * | Civil Case No. 2:05-cv-465-ID |
| * | |
| **WALGREEN CO., INC.,** * | |
| Defendant. * | |
| * | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff Barbara Wilson ("Plaintiff"), by and through her attorney of record, and would submit the following brief as her response to the defendant's Walgreen Co., Inc. ("Walgreen") motion for summary judgment as follows:

**I. STATEMENT OF THE CASE**

On or about February 15, 2004, Plaintiff, a black female, began work as a Service Clerk at the Brown Springs Road Walgreen store ("Brown Springs Road store") in Montgomery, Alabama. Shortly after she began, in March, 2004, Plaintiff was promoted to Beauty Advisor. On October 18, 2004, Plaintiff filed an EEOC charge of discrimination that she was discriminated against in her employment when she was not promoted to the position of Senior Beauty Advisor in or about June/July, 2004, based on race. Plaintiff left her employment with Walgreen in March, 2005, still at the level of Beauty Advisor. She filed this lawsuit on May 19, 2005, alleging racial discrimination in his employment in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.A. § 2000e, et seq. and 42 U.S.C.A. § 1981. Walgreen, in its answer, denied that it discriminated against Plaintiff.

1

## II.  STATEMENT OF MATERIAL FACTS

1. Plaintiff, a black female, began work at Walgreen's Brown Springs Road store in Montgomery, Alabama, on or about February 15, 2004, as a Service Clerk.  (Exhibit 1, Deposition of Wilson, 7:19-8:5; 8:10-8:13).

2. JoAnn Jones, white female, was Plaintiff's Store Manager at the Brown Springs Road store.  Mario Escobar and Mr. Greenwood were Plaintiff's Assistant Store Managers.  (Exhibit 1, Deposition of Wilson, 8:14-8:19; 8:20-9:2).

3. In March, 2004, Plaintiff was promoted to Beauty Advisor.  (Exhibit 1, Deposition of Wilson, 9:3-9:9).

4. Plaintiff told Jones she wanted to make more money.  (Exhibit 1, Deposition of Wilson, 58:16-59:8).

5. Walgreen opened a new store in Montgomery, Alabama, at Perry Hill Road, in July, 2004.  (Exhibit 1, Deposition of Wilson, 44:9-44:13).

6. The Senior Beauty Advisor position at the Perry Hill Road store was never posted.  (Exhibit 1, Deposition of Wilson, 38:14-41:5; 62:2-62:21; 78:19-79:7).

7. Plaintiff never completed an application for the Senior Beauty Advisor position at the Perry Hill Road store because the job was never posted.  (Exhibit 1, Deposition of Wilson, 38:14-41:5).

8. In June, 2004, the Senior Beauty Advisor position at the Perry Hill Road store was filled by a white female, Angela Duke, who had no experience in cosmetics.  (Exhibit 1, Deposition of Wilson, 38:14-41:5; 45:5-45:22).  JoAnn Jones, white female and Walgreen Store Manager, hired Duke.  (Exhibit 3, Declaration of JoAnn Jones, ¶ 3).

9. In June, 2004, while waiting for the opening of the Perry Hill Road store, Jones had Plaintiff train Duke in the cosmetics department at the Brown Springs Road store. (Exhibit 1, Deposition of Wilson, 38:14-41:5; 46:6-46:19; 62:2-62:21; Exhibit 3, Declaration of JoAnn Jones, ¶ 7).

10. Duke had no experience working with or selling cosmetics. (Exhibit 1, Deposition of Wilson, 45:5-45:22; 69:9-69:22). Duke was appreciative and complimentary to Plaintiff, telling Plaintiff what a fine job she had done training her. (Exhibit 1, Deposition of Wilson, 45:5-45:22).

11. Plaintiff filed her EEOC Charge of Discrimination on October 18, 2004. (Exhibit 2, EEOC charge of discrimination).

12. Escobar hollered at Plaintiff frequently, usually about things that were not Plaintiff's fault or at times when Plaintiff was following the Store Manager's directions) making her cry in front of co-employees and customers. (Exhibit 1, Deposition of Wilson, 15:6-15:18; 17:7-17:21; 18:1-18:17). Jones referred to Plaintiff's station in the cosmetics department as a "hog pen." (Exhibit 1, Deposition of Wilson, 36:8-36:13).

13. Plaintiff was written up twice. The first writeup Plaintiff did not know about until the second writeup. Plaintiff was never called to the office for the first writeup and never had any knowledge of it until the second write up. (Exhibit 1, Deposition of Wilson, 18:18-19:3; 19:15-19:22).

14. In January, 2005, Duke quit her employment with Walgreen and the Senior Beauty Advisor position was again open. (Exhibit 3, Declaration of JoAnn Jones, ¶ 10).

15. This time, the Senior Beauty Advisor position was posted. (Exhibit 3, Declaration of

JoAnn Jones, ¶ 10; Exhibit 1, Deposition of Wilson, 78:10-78:12).

16. Plaintiff applied for the Senior Beauty Advisor position the second time because it was posted. (Exhibit 1, Deposition of Wilson, 23:9-23:15).

17. Leland Wallace, Store Manager at the Perry Hill Road store interviewed Plaintiff and asked whether she would like to be the Senior Beauty Advisor because her PMs (Promotional Money) were very good. Wallace told Plaintiff he had no doubt that she was the right person for the job and that she had the qualifications for the Senior Beauty Advisor position. (Exhibit 1, Deposition of Wilson, 23:20-23:21; 24:16-25:10; 107:1-107:10). Wallace never indicated that there were any problems with Plaintiff's performance or any concerns that she could handle the job. (Exhibit 1, Deposition of Wilson, 107:23-108:4).

18. Eventually, Plaintiff withdrew her name from consideration for the posted Senior Beauty Advisor position because of the stressful situation at work, with Escobar and Jones unjustifiably complaining every day that Plaintiff could not do anything right. (Exhibit 1, Deposition of Wilson, 25:11-25:13; 25:17-26:6; 27:18-27:22; 28:19-29:12; 28:2-28:15; 34:16-35:3; 103:5-103:20; 105:10-105:17; 107:16-107:18; 109:4-109:7).

19. In March, 2005, Plaintiff left the employ of Walgreen for health reasons. Plaintiff was experiencing panic and/or anxiety attacks due to the stressful work environment. (Exhibit 1, Deposition of Wilson, 11:6-11:19; 9:22-10:1). Plaintiff had never before quit a job because of being so emotionally stressed, as she did when she left Walgreen. (Exhibit 1, Deposition of Wilson, 98:7-98:16).

20. Plaintiff went to her physician in or about March, 2005, and he prescribed anti-anxiety

medication for the panic and/or anxiety attacks. (Exhibit 1, Deposition of Wilson, 11:6-11:19).

21. Plaintiff experienced no more anxiety attacks after she left the employ of Walgreen. (Exhibit 1, Deposition of Wilson, 129:18-130:3).

22. Walgreen's policy is to promote within the company for example by posting notices of positions. (Exhibit 1, Deposition of Wilson, 76:13-76:21).

### III.  LEGAL ARGUMENT

### A.  SUMMARY JUDGMENT STANDARD

Under the provisions of Rule 56 ( c), F.R.C.P., summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant "always bears the initial responsibility of informing the district court of the basis for its motion"... and ... must "demonstrate the absence of a genuine issue of material fact." *Id*.

After the movant has met its burden under Rule 56( c ), the non-movant must set forth "specific facts showing that there is a genuine issue for trial" *Id*. In ruling, the Court "must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); cited in *Reeves v. Thigpen*, 879 F.Supp 1153, 1166 (M.D.Ala. 1995).

In entertaining a motion for summary judgment, the court should review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but the court may not make credibility judgments or weigh the evidence. *Lytle v. Household Mfg., Inc.*,

494 U.S. 545, 554-55 (1990). Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence supporting the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses. 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, pp. 299-300 (2d Ed. 1995); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

In an employment discrimination case, the court is required to consider the evidence supporting the plaintiff's prima facie case and any such evidence tending to undermine the defendant's nondiscriminatory explanation. The existence of a prima facie case combined with sufficient evidence for the trier of fact to disbelieve the defendant's proffered nondiscriminatory reason for the employment action it took is sufficient for the trier of fact to infer the ultimate fact of discrimination. *Reeves*, at 147.

### B. ARGUMENT-RACE DISCRIMINATION

**1. Plaintiff has established a *prima facie* case of race discrimination**

Plaintiff contends that the defendant discriminated against her, a black employee, with respect to her non-selection and the lack of opportunity to apply (because the position was never posted) for the position of Senior Beauty Advisor at the Perry Hill Road Walgreen store in or about June, 2004.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex, or national origin..." 42 U.S.C. § 2000e-2(a). *Maynard v. Board of Regents,* 342 F. 3d 1281, 1288 (11th Cir.2003).

Title VII does not require the plaintiff "to prove directly that race or gender was the reason for the employer's challenged decision. Rather, in showing that the employer discriminated against him, [Plaintiff] may rely on direct or circumstantial evidence of discrimination." *Maynard*, 342 F. 3d at 1288. See also, *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 526 (1993).

Since direct evidence of racial animus can be difficult to produce, it is appropriate to use the three-step burden shifting framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to analyze circumstantial evidence of discrimination. First, "the plaintiff must create an inference of discrimination by establishing a *prima facie* case. If he does so, the defendant must 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'...The plaintiff may then attempt to show that these reasons are pretextual or may present other evidence to show that discriminatory intent was more likely the cause of the employer's actions." *Nix*, 738 F.2d at 1184. (quoting *McDonnell Douglas Corp.*, 411 U.S. 792 at 802); *see also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Plaintiff must show: (1) that she belongs to a protected racial group; (2) that she was subjected to an adverse employment action to which non-protected persons were not subjected; (3) that the adverse action was based on her race. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).

If a plaintiff chooses to make use of the *McDonnell Douglas* presumption, she initially does not need to present evidence from which the trier of fact could conclude that the adverse

employment action taken against her was caused by improper discrimination. Instead, she need only establish that (1) an adverse employment action was taken against her, (2) she was qualified for the job position in question, and (3) different treatment was given to someone who differs with regard to the relevant personal characteristic. *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999).

A plaintiff's *prima facie* case raises a presumption of illegal discrimination. *Burdine*, 450 U.S. at 254. *See also Hunter v. Citibank, N.A.*, 862 F.Supp. 902 (E.D.N.Y.1994), affirmed 60 F.3d 810, certiorari denied 116 S.Ct. 483, 516 U.S. 978, 133 L.Ed.2d 410.[1] (Upon a showing by Plaintiff that she has met his *prima facie* burden, an inference of discriminatory intent is raised).

Contrary to the defendant's argument, Plaintiff has established her *prima facie* case. Plaintiff, a black female, belongs to a protected racial group. Plaintiff was qualified for the Senior Beauty Advisor position having worked since March, 2004, as a Beauty Advisor in the cosmetics department at the Brown Springs Road store. Plaintiff suffered an adverse job action by not being selected for a promotion and being denied the opportunity to apply in or about June, 2004. Finally, an individual outside her protected classification (white female) was selected for the position.

When the defendant uses no formal procedures for posting notice of available positions or for determining who would be offered the promotion, the courts in this circuit have recognized that such subjective procedures can lead to racial discrimination. "The failure to establish 'fixed or reasonably objective standards and procedure for hiring' is a discriminatory practice."

---

[1] In the Eleventh Circuit, the satisfaction of the McDonnell Douglas test raises a "presumption," but not an "inference." *Walker v. Mortham*, 158 F.3d 1177, 1184, n. 10 (11th Cir. 1998).

*Carmichael v. Birmingham Saw Works*, 738 F. 2d 1126, 1133 (11th Cir. 1984). Further, if an employer uses such informal methods, it has a duty to consider all those who might reasonably be interested, in addition to those who learned of the opening and expressed an interest. *Id*. Plaintiff was highly qualified for the position of Senior Beauty Advisor, expressed her interest in making more money to JoAnn Jones (Exhibit 1, Deposition of Wilson, 58:16-59:8), and would have completed an application for the position but the defendant did not conduct a proper selection process by posting the position. (Exhibit 1, Deposition of Wilson, 38:14-41:5). Interestingly, when the Senior Beauty Advisor position opened for the second time (after Duke quit her employment), the position was then posted. (Exhibit 3, Declaration of JoAnn Jones, ¶ 10; Exhibit 1, Deposition of Wilson, 78:10-78:12). Plaintiff applied for the Senior Beauty Advisor position the second time because it was posted. (Exhibit 1, Deposition of Wilson, 23:9-23:15).

**2. Walgreen's legitimate non-discriminatory reason is pretext**

Plaintiff contends that Walgreen's legitimate non-discriminatory reason is pretext. It is unnecessary to produce direct evidence of discriminatory intent, as it may be established by reference to the *McDonnell Douglas* analysis. See also, *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 67 L.Ed.2d 207 (1981). Even after the defendant produces a facially non-discriminatory reason for preferring an applicant of one race over one of another race, or taking adverse employment action against one employee that it would not have taken against an employee of another race, elements of the *prima facie* case remain available to the plaintiff to show that the reason offered by the defendant, if arguably discredited by the plaintiff, was a pretext for discrimination. In other words, the pretextual nature of the reason

proffered, combined with the *McDonnell Douglas* factors may be sufficient to preclude summary judgment and, in fact, may be sufficient to permit a finding for the plaintiff at trial. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-29 (11th Cir.1997), *certiorari denied* 522 U.S. 1045 (1998); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742 (1993). As the Eleventh Circuit held in *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957 (11th Cir. 1997), "[u]nder the established rule of law in this Circuit, a plaintiff can survive a motion for summary judgment or for judgment as a matter of law simply by presenting evidence sufficient to demonstrate a genuine issue of material fact as to the truth or falsity of the employer's legitimate, nondiscriminatory reasons." *Evans*, 131 F.3d at 964-65.

In the previous section, Plaintiff has established her *prima facie* case.

The defendant argues that its legitimate, non-discriminatory reason for selecting Duke for the Senior Beauty Advisor position was based on Jones' exercising her business judgment to fill the position with the best available candidate known to her. Jones chose Duke "because of her extensive customer service back ground and because of her friendly and out-going demeanor." (Defendant's Brief, p. 14). As Plaintiff's motion to strike accompanying this brief states, the statement regarding "her extensive customer service background" are conclusory and due not to be considered in a motion for summary judgment.

The facts in this case are that Plaintiff, a black female, already an employee of Walgreen, had experience in the Beauty Advisor position. Jones knew Plaintiff had this experience. Plaintiff told Jones she wanted to make more money. A Senior Beauty Advisor position opened up for which Jones was to do the hiring. Walgreen did not post the position, thereby denying Plaintiff the opportunity to apply or consider Plaintiff for the position. Instead, Jones hired a

10

white female, from outside the company, who had no experience with Walgreen or cosmetics. Finally, Jones had Plaintiff train her.

This foregoing evidence combined with Plaintiff's *prima facie* case establish the defendant's legitimate non-discriminatory reason as pretext.

## CONCLUSION

There are genuine issues of material facts in this case, and the defendant is not entitled to judgment as a matter of law.

RESPECTFULLY SUBMITTED this __13th__ day of April, 2006.

/s/ JAY LEWIS
JAY LEWIS
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on the following parties or attorneys by filing the same with the CM/ECF system which will send a copy to the same, by hand delivery or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid, on this 13th day of April, 2006.

John Richard Carrigan
Alysonne Hatfield
Ogletree, Deakins, Nash, Smoak & Stewart
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203

/s/ JAY LEWIS
Jay Lewis (LEW031)

Attorney for Plaintiff
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
[J-Lewis@JayLewisLaw.com](mailto:J-Lewis@JayLewisLaw.com)
ASB-2014-E66J