**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BARBARA WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 2:05CV-00465-D** |
| | ) | |
| **WALGREEN CO., INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT**

Walgreen Co., Inc. (hereafter "Walgreen") is entitled to summary judgment on all claims

of the Plaintiff, Barbara Wilson (hereafter "Wilson"), because Plaintiff's Response to the

Defendant's Motion for Summary Judgment filed April 13, 2006, (Doc. 18, hereinafter

"Plaintiff's Response") does not overcome the pleadings, discovery responses, the deposition of

the Plaintiff, Barbara Wilson, and the uncontested portions of the Declaration of JoAnn Jones,

which show that there is no genuine issue of material fact, and that Walgreen is entitled to

judgment as a matter of law.

**I.    RESPONSE TO PLAINTIFF'S "STATEMENT OF MATERIAL FACTS"**

Plaintiff's Complaint initially made claims that Walgreen did not select her for Senior

Beauty Advisor positions in the employer's Montgomery, Alabama, Perry Hill Road store, and in

a Prattville, Alabama, store in the summer of 2004 because of her race. Plaintiff's "Statement of

Material Facts" implicitly concedes that Plaintiff had no interest in, and made no effort to get, the

Prattville position.

Plaintiff concedes that she did not actually apply for the Senior Beauty Advisor position at Defendant's Perry Hill Road store. (Plaintiff's Response, p. 2 "Statement of Material Facts" Para. 3, 4). In an attempt to confuse the order of events, however, Plaintiff implies that she told Ms. Jones that she wanted to "make more money" after Jones promoted her from sales clerk to Beauty Adviser at the Brown Springs store (also called the "Atlanta Highway" store) (See Plaintiff's Response, p. 2 "Statement of Material Facts" Para. 3, 4). In fact, Plaintiff was hired into the Brown Springs Road store as a sales clerk, and JoAnn Jones (then manager of that store) offered Plaintiff the opportunity to "make more money" as a Beauty Adviser at the Brown Springs Road store shortly after Plaintiff was employed in February 2004:

> When I first started and she [JoAnn Jones] was telling me that you could make more money in cosmetic. And I was telling her that, yes, I do want to make more money in the position, you know, higher ---- I wanted —I just didn't want to make no money because that's why I was there, to make money in the position. That's when I first started in cosmetic. And she [Jones] was telling me that you can make more money doing PMs. You can make – and I want it. I stated I did want to make more money.
>
> (Wilson depo., Tab A to Defendant's Initial Evidentiary Submission, p. 58, l. 16 - p. 59, l. 8)

The "more money" comment had nothing to do with any position at the Perry Hill Road store, and Plaintiff testified clearly that she did not ask Ms. Jones to make her head cosmetician (Senior Beauty Adviser) at the Perry Hill Road store. (Wilson depo., Tab A to Defendant's Initial Evidentiary Submission, p. 59, l. 23- p. 60, l. 3).

Plaintiff also asserts her dissatisfaction with disciplinary action by Mario Escobar (Plaintiff's Response, p. 2 "Statement of Material Facts" Para. 3, 4), as if it were related to the Perry Hill Road store selection, which it was not. Mario Escobar was not involved in any way in the disputed selection, and Plaintiff's confrontation with Mr. Escobar came in early 2005, almost

2

a year after the selection of Angela Duke, and while Plaintiff was under consideration for the subsequent vacancy created when Angela Duke left. (See Plaintiff's Response, pp. 3-4, Para. 12-18). Moreover, Plaintiff's assertion in Paragraph 18 of her Statement of Facts that she withdrew her name for consideration for that job because of her dissatisfaction with Escobar and Jones is nonsensical, given that, had she been selected to replace Ms. Duke as Senior Beauty Advisor at the Perry Hill Road store, she would have necessarily been transferred away from Escobar and Jones, which would appear to have been a desirable outcome for Ms. Wilson.

## II.    RESPONSE TO PLAINTIFF'S ARGUMENT

Walgreen's Motion attacked the lack of direct evidence of discrimination, and the lack of any evidence to support "pattern and practice" allegations of race discrimination contained in Plaintiff's Complaint. Plaintiff's Response abandons any "pattern and practice" claim by failure to respond, and Plaintiff's Response also essentially concedes the lack of any direct evidence. (See Plaintiff's Response, p. 7).

Plaintiff's Response argues only that Plaintiff's circumstantial evidence is sufficient to create a genuine issue of material fact concerning a racially discriminatory motive on the part of the Store Manager who made the Perry Hill Road promotion decision in question.

### A.    PLAINTIFF HAS NO EVIDENCE THAT SHE WAS DENIED THE PRATTVILLE POSITION BECAUSE OF HER RACE

Walgreen's motion and supporting evidence showed that Plaintiff herself was surprised that the Senior Beauty Adviser position in Prattville had been mentioned in her Complaint, because she had not sought that position. She did not mention the Prattville position in her October 2004 EEOC Charge, nor could she testify in her deposition as to why it was included in her Complaint (Wilson depo., p. 70, l. 10-23). Plaintiff's Response offers no evidence that

Plaintiff applied for that position, nor that Walgreen had any duty to consider her for that position.

### B.    PLAINTIFF FAILS TO CREATE A GENUINE ISSUE OF RACIAL MOTIVE IN THE PERRY HILL ROAD SELECTION.

As Walgreen's Motion and supporting evidence pointed out, Plaintiff did not establish a *prima facie* case of promotional discrimination with respect to the 2004 Senior Beauty Advisor position at Walgreen's Perry Hill Road store because, as Plaintiff's Response concedes (See Plaintiff's Response, p. 2, Para. 7), she did not actually apply for that job.

Plaintiff began her employment with Walgreen as a Service Clerk at its Atlanta Highway store, and JoAnn Jones (who then managed that store) had promoted Plaintiff to the Beauty Adviser position in that store after Plaintiff told Ms. Jones that she wanted to "make more money."  As Beauty Adviser, Plaintiff had an opportunity to earn more money than as a service clerk, as well as to earn "PM's", or "Promotional Money" incentives on the cosmetics she sold. (See Plaintiff's Response, p. 2, Para. 2-3; see also Wilson depo., p. 58, l. 16 -  p. 59, l. 17; Jones Decl., Tab B to Defendant's Initial Evidentiary Submission, ¶ 4)

Subsequently, JoAnn Jones was assigned to open the new Perry Hill Road store, and was responsible for hiring for that new store. The availability of vacant positions in that store was well known, and was advertised on a marquee outside the Perry Hill Road store inviting applications from the general public.  (Jones Declaration, ¶ 2).  Plaintiff, Barbara Wilson, did not apply for any position in that store at that time, (See Plaintiff's Response, p. 2, Para. 7), despite the fact that she was aware the store was opening and accepting applications, as evidenced by the fact that she inquired with Ms. Jones about a possible position at Perry Hill Road for her

daughter. (Wilson depo, p. 51, l. 8 - p. 54, l. 5; Jones Decl., ¶ 5). Moreover, she does not deny that Walgreen advertised the availability of positions at the Perry Hill Road store on that store's marquee, and that the marquee advised interested applicants to submit their applications at Defendant's on-line website.

Plaintiff does not make a *prima facie* case of promotion discrimination because she fails to satisfy the application requirement of the *McDonnell Douglas* test. The weakness of Plaintiff's argument is apparent in her citation to *McDonnell Corp v. Green*, 411 U. S. 792 (1973) at p. 7 of Plaintiff's Response to Motion for Summary Judgment, in which she paraphrases *McDonnell Douglas* as creating a three-step *prima facie* case, by omitting the requirement that the plaintiff apply, which is crystal clear in *McDonnell Douglas*:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
> 411 U.S. at 802

The Supreme Court quoted that language from *McDonnell Douglas* in *Furnco Construction Corporation v. Waters*, 438 U. S. 567, 576 (1978), and observed in footnote 4 to the *Furnco* decision that the district had ruled against plaintiffs who failed to apply, and that the decision against the plaintiffs who did not apply was upheld. 438 U.S. 567, 573 n.4 (1978).

Plaintiff presents several efforts to evade the application requirement: her completely unsupported argument that she was "denied the opportunity to apply in or about June 2004" (Plaintiff's Response, p. 8, citing no evidence whatsoever); her suggestion that *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir. 1984), obligates Walgreen to consider every

minority employee for all available positions because "defendant uses no formal procedures for posting notice of available positions" (Plaintiff's Response, p. 8); and finally, her argument that telling JoAnn Jones of her interest in "making more money" was a sufficient expression of interest to constitute an application (see Plaintiff's Response, p. 2, Para. 4; and p. 9)

First, there is no evidence that Plaintiff was "denied the opportunity to apply." To the contrary, Plaintiff had the same opportunity to apply as anyone else, and Plaintiff does not dispute that a marquee in front of the Perry Hill Road store invited applications from the general public.

Nor is Plaintiff correct that invocation of *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 eliminates the application requirement in these circumstances. According to Plaintiff's analysis of *Carmichael*, an employer is obligated to consider every minority employee for all its available positions if it does not publicize those availabilities in each of its locations, an outcome that is simply not required by the Eleventh Circuit Court of Appeals. The defendant in *Carmichael* "publicized" jobs primarily in lunch-time discussions that necessarily excluded African American employees because of the offensive and racially-charged commentary that was accepted at these lunchtime gatherings. 738 F.2d at 1133 n.2. Walgreen in this instance publicized its job openings at the Perry Hill Road store on a marquee visible to anyone, and accepted applications on line.

Plaintiff's general statement of a desire to "make more money" is not an application, particularly when not made contemporaneously with, or even near to, the time of the disputed position's availability. *See Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1345 (11th Cir. 2003). In *Smith*, the Eleventh Circuit rejected the argument that expressing a general interest in

"any position" without applying is sufficient to establish a *prima facie* case of discrimination

when the employee is aware of the available position, and she has neither been "dissuaded nor

prevented" by management from so applying:

> The question presented is whether Smith's October 11 statement of general interest in any job satisfies Jameson's requirement that she apply for a job. In other words, we must decide whether Smith's general statement relieves her of the obligation to actually apply for a specific position.
>
> *   *   *
>
> We agree with the Sixth and Seventh Circuits. A general interest in being rehired without submitting an application is not enough to establish a prima facie case of age discrimination when the defendant-employer has publicized an open position.

Finally, Plaintiff has no evidence that the explanation given by Joann Jones for selecting

Angela Duke "because of her extensive customer service background and because of her friendly

and outgoing demeanor" was a pretext for racial discrimination.  Plaintiff merely challenges

Jones's belief that Duke had prior customer service experience as "conclusory" (see Plaintiff's

Response, p. 10) and Plaintiff filed a Motion to Strike portions of Jones's Declaration as beyond

Jones's personal knowledge. It is true that Jones acted on a belief that Duke had prior customer

service experience, but the personal knowledge expressed by Jones related to her thought

process, and her reason for selecting Duke, not the objective truth of Duke's prior experience

related in a resume or interview. For purposes of summary judgment, the issue is whether Jones

had a good faith belief as to Duke's qualifications, not whether Jones personally verified each

aspect of Duke's resume.  In any event, the only evidence Wilson has presented of her alleged

qualifications for the disputed SBA job is her own subjective opinion, which is not sufficient to

create a triable issue of fact in this case. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1090

(11th Cir. 2004) (holding that the plaintiff could not "prove pretext by asserting baldly that she

was better qualified than the person who received the position at issue.").

The other explanation given by Jones for selecting Duke ("her friendly and outgoing demeanor") is undisputed by Plaintiff, and such an unrebutted explanation warrants summary judgment. "In a failure to promote case, a plaintiff cannot prove pretext by simply showing that (she) was better qualified than the individual who received the position that she wanted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by (race)." *Lee v. GTE Fla., Inc*., 226 F.3d 1249, 1253 (11th Cir. 2000); *see also* Co*mbs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997) (holding that "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where … the reason is one that might motivate a reasonable employer."); *Damon v. Fleming Supermarkets of Fla., Inc*., 196 F.3d 1354, 1361 (11th Cir. 1999) (holding that courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."), *cert. denied*, 529 U.S. 1109 (2000). Wilson has offered no evidence whatsoever that Walgreen's employment decisions were based on race, and Walgreen is thus entitled to judgment as a matter of law.

## CONCLUSION

Summary judgment is warranted because Plaintiff has no evidence of racial motive in the disputed selection decisions. Plaintiff implicitly concedes the lack of direct evidence, and has abandoned any implication of "pattern and practice" discrimination. Plaintiff has also properly abandoned any mention of the Prattville position.

Her admitted failure to apply for the Perry Hill Road store position, under these circumstances, means that she does not even present a *prima facie* case; and she has no evidence

whatsoever that the explanation given by Joann Jones for her selection decision was a pretext for

racial discrimination.

WHEREFORE, Walgreen Co., Inc. respectfully submits that this Court grant this Motion

for Summary Judgment, dismiss Plaintiff's claims with prejudice because she has no admissible

evidence that creates a genuine issue of material fact, and award Defendant its costs in defending

against this action.

Respectfully submitted,

s/ Alysonne O. Hatfield
John Richard Carrigan (CAR014)
Alysonne O. Hatfield (HAT012)
Ogletree, Deakins, Nash, Smoak & Stewart,
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: richard.carrigan@odnss.com
E-mail: alysonne.hatfield@odnss.com
*Counsel for Defendant, Walgreen Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2006, I electronically filed the foregoing Reply Brief in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Jay Lewis.

s/Alysonne O. Hatfield
Alysonne O. Hatfield  (HAT012)
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: alysonne.hatfield@odnss.com
*Counsel for Defendant, Walgreen Co., Inc.*