IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON,                  ) | |
|                                                 ) | |
|     Plaintiff,                        ) | |
|                                                 ) | |
| vs.                                          ) | CASE NO.: 2:05CV-00465-D |
|                                                 ) | |
| WALGREEN CO., INC.          ) | |
|                                                 ) | |
|     Defendant.                    ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DECLARATION OF JOANN JONES**

Comes now Defendant, Walgreen Co., Inc. (hereinafter "Defendant" and/or "Walgreen") and moves this Court to overrule Plaintiff's Motion to Strike the Declaration of JoAnn Jones from Defendant's evidentiary submission in support of its Motion for Summary Judgment, in support of which Defendant states as follows:

1.  In support of its Motion for Summary Judgment, Defendant submitted the sworn Declaration of JoAnn Jones, a Walgreen Store Manager who was Plaintiff's immediate supervisor at all times relevant to the above-styled Complaint, and who decided to hire Ms. Angela Duke for the disputed Senior Beauty Advisor (hereinafter "SBA") position at Walgreen's new Perry Hill Road store. (<u>See</u> Ms. Jones's Declaration attached as Tab A).

2.  Defendant introduced Ms. Jones's Declaration to explain the basis on which she selected Angela Duke rather than the Ms. Wilson for the disputed SBA position.

3.  In her Declaration, Ms. Jones declared that she selected Ms. Angela Duke for the disputed SBA position because Ms. Jones submitted an application for that job (which Ms. Wilson had not), and because she believed Ms. Duke to have had an extensive customer service

background and a friendly, outgoing demeanor. (See Ms. Jones's Declaration attached as Tab A, ¶ 3).

4. In her Motion to Strike dated April 13, 2006, Plaintiff seeks to strike Jones's statements that she believed Ms. Duke to have had a customer service-oriented background in Paragraph 3 of her Declaration, as well as Ms. Duke's statement in Paragraph 6 that, even had she been aware of Plaintiff's interest in the SBA position, she nonetheless would have selected Ms. Duke because she believed Ms. Duke to have had more customer service experience than did Plaintiff, who reported to Ms. Jones and whose only employment experience prior to her February 2004 employment at Walgreen was as a factory worker in a textile mill. (See Wilson depo., p. 6, l. 22 - p. 7, l. 18, attached as Tab A to Defendant's Initial Evidentiary Submission).

5. Plaintiff's Motion to Strike the aforementioned portions of Paragraphs 3 and 6 of Ms. Jones's Declaration is due to be overruled because these statements pertain to Ms. Jones's thought process, of which she has personal knowledge. The disputed portions are not introduced to prove the truth of the matter asserted – whether Ms. Duke actually had extensive customer service experience – but to prove Ms. Jones's state of mind and belief as to Duke's qualifications, as based on her interview with Ms. Duke, as well as her application for employment at Walgreen. (See Duke's Application for Employment attached at Tab B); see U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc., 296 F. Supp. 2d 1322, 1333-34 (S.D. Ala. 2003) (holding that declaration testimony not based on personal knowledge was admissible not to prove the truth of the matter asserted, but to explain the declarant's "motive, intent and state of mind.").[1]

---

[1] Ms. Wilson herself appeared to confirm Ms. Duke's experience in "photo" in her deposition. See Wilson depo., p. 44, ll. 14-23.

2

6.      Ms. Jones's state of mind and belief with respect to Ms. Duke's employment qualifications are relevant here because, in employment cases, the inquiry into whether the reasons for an employer's decision are pretext for unlawful discrimination focuses not on the <u>accuracy</u> of the employer's reason, but rather on whether the employer <u>believed</u> its reason to be accurate.  See <u>Elrod v. Sears, Roebuck and Co.</u>, 939 F.2d 1466, 1470 (11th Cir. 1991); <u>Nix v. WLCY Radio/Rahall Communications</u>, 738 F.2d 1181, 1187 (11th Cir. 1984).

7.      Ms. Jones has personal knowledge as to her own belief as to the qualifications of Ms. Duke for the disputed SBA job, as well as for her reasons for selecting Ms. Duke for that position, and as such, her Declaration is properly admissible to show such beliefs.

Wherefore, premises considered, Defendant respectfully requests that this Court overrule Plaintiff's Motion to Strike Ms. Jones's Declaration.

                Respectfully submitted,

                <u>/s Alysonne O. Hatfield</u>
                J. Richard Carrigan
                Alysonne O. Hatfield
                **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
                One Federal Place, Suite 1000
                1819 Fifth Avenue North
                Birmingham, AL 35203-2118
                Telephone:  (205) 328-1900
                Facsimile:  (205) 328-6000
                Email:  Richard.Carrigan@odnss.com
                Email:  Alysonne.Hatfield@odnss.com
                Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2006, I electronically filed the foregoing Opposition to Plaintiff's Motion to Strike Declaration of JoAnn Jones with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Jay Lewis.

                                        s/Alysonne O. Hatfield
                                        Ogletree, Deakins, Nash, Smoak &
                                        Stewart, P.C.
                                        One Federal Place, Suite 1000
                                        1819 5th Avenue North
                                        Birmingham, Alabama 35203