IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 2:05CV-00465-D |
| ) | |
| WALGREEN CO., INC. ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF JOANN JONES

1. My name is JoAnn Jones. I am over the age of 19, and I have personal knowledge of the matters and facts set forth in this declaration.

2. In the Summer of 2004, I temporarily served as store manager for Walgreen's new Perry Hill Road store, located at 3892 Atlanta Highway in Montgomery, Alabama, and known as Store No. 2203, to open that store and initially staff it. While under construction, the Perry Hill Road store had a marquee informing all interested applicants that they should apply for employment via Walgreens' on-line website, www.walgreens.com.

3. I selected Angela Duke as Senior Beauty Advisor after she submitted an on-line application for employment at the new Perry Hill Road store, and I considered her to be qualified because she had a customer service-oriented employment background, and because of her outgoing, hardworking demeanor. Her race played no part in my decision to select her.

4. At the time I selected Ms. Duke as Senior Beauty Advisor in June, 2004, Ms. Barbara Wilson worked as a Beauty Advisor at Walgreen's Store No. 7746, located at 6680 Atlanta Highway in Montgomery, Alabama, where I am regularly the store manager. I hired Ms.

1

Wilson at Store No. 7746 as a Service Clerk on or about February 13, 2004, and promoted her to the position of Beauty Advisor shortly thereafter.

5. I believe Ms. Wilson was aware that I was responsible for staffing the new Perry Hill Road store because she asked me on several occasions when I would be accepting applications for employment for that store, and told me she was asking for her adult daughter, who was interested in working there. I informed Ms. Wilson when I was ready to begin accepting applications, and told her that her daughter would need to submit her application online on Walgreen's website, www.walgreens.com. It is Walgreen's policy that immediate family members and members of the household are not permitted to work at the same Walgreen store.

6. At the time I selected Ms. Duke for the Senior Beauty Advisor position at the Perry Hill Road store, Ms. Wilson had neither submitted an application for that position, nor indicated to me that she was interested in such a position, and I was not aware that she was interested in being considered for the Senior Beauty Advisor position at the Perry Hill Road store at that time. I did not interview Ms. Wilson for the Senior Beauty Advisor position at the Perry Hill Road store because she did not submit an application. Had Ms. Wilson submitted an application, and been interviewed, I would have selected Ms. Duke because I considered Ms. Duke to be better qualified than Ms. Wilson because of her more extensive customer-service background. Although Ms. Wilson had worked as a Beauty Advisor for me at store no. 7746, she had only done so for a brief period at the time I selected Ms. Duke for the Perry Hill Road Senior Beauty Advisor position. Race played no part in my decision not to select Ms. Wilson for the Senior Beauty Advisor position at Store 2203 in June, 2004.

7. After I selected Angela Duke as the new Senior Beauty Advisor for Store No. 2203, I assigned her to work at Store No. 7746, where I am the regular Store Manager, from June 14, 2004, until approximately July, 2004, when Store No. 2203 became open to the public. While working at Store No. 7746, Ms. Duke worked along with Barbara Wilson and Tantameka Moorer, who is African American, and whom I selected as Senior Beauty Advisor at that store in approximately November, 2003.

8. On several occasions while Ms. Wilson worked as a Beauty Advisor at Store No. 7746, I arrived on Monday mornings to find boxes and other merchandise behind the cosmetics counter that should not have been there. On these occasions, I assumed Ms. Wilson left these items behind the counter because she had worked the Sunday evening shift the night before, and asked her why she had done so. On each such occasion, Ms. Wilson replied that she was not responsible for the clutter behind the cosmetic counter, and that the "overnight crew" left it there. While I was skeptical of Ms. Wilson's explanation because the "overnight crew" consists of one manager and one cashier, neither of whom are stationed at the cosmetics counter, I did not raise my voice to Ms. Wilson at any of these times, or refer to the cosmetics areas as a "hog pen," but simply told her that, regardless of who left the items behind the counter, she was responsible for maintaining the cleanliness and orderliness of her work area.

9. In or around December, 2004, or January, 2005, my Senior Beauty Advisor at Store No. 7746, Tantameka Moorer, took approximately four days of vacation, and Ms. Wilson was responsible for the after-Christmas resets in the cosmetics area of the store in Ms. Moorer's absence. When I observed that Ms. Wilson was experiencing difficulty completing her resets in a timely manner, I walked to where she was working and began helping her. In response, Ms.

Wilson began crying and told me something to the effect that my attempts to help her with her reset made her feel as though I did not believe she was capable of doing her job. I assured her that I was only trying to help her, as it was important that the resets be completed before Ms. Moorer returned from vacation. At no time did I say this, or anything else, to Ms. Wilson because of her race, or because she filed a Charge of Discrimination with the EEOC.

10. In January, 2005, Ms. Angela Duke voluntarily quit her employment with Walgreen, and a Senior Beauty Advisor position became available at the Perry Hill Road store. The position was posted at Store No. 7746, and I was informed by Mr. Leland Wallace, then Store Manager of the Perry Hill Road store, that Ms. Wilson applied for the vacancy. After canceling her first interview with Mr. Wallace with no explanation, Mr. Wallace came to interview Ms. Wilson at Store No. 7746 while she was working for her convenience. Prior to the time a new Senior Beauty Advisor could be selected for the Perry Hill Road Store, Mr. Wallace was transferred to a Birmingham, Alabama, store, and Ms. Wilson voluntarily withdrew her name for consideration for the position. Mr. Wallace was replaced at the Perry Hill Road Store by Ms. Candace Epps, who is African American, who selected ShaRhonda Febler, an African American female and current Walgreen employee, for the Senior Beauty Advisor position. I am not aware of any reason given by Ms. Wilson for her withdrawal from consideration for the position.

Under penalty of perjury, I declare that the foregoing statements are true and correct.

Dated this 14 day of March, 2006.

*JoAnn Jones* (signed)
JoAnn Jones