IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BARBARA WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv465-ID |
| ) | (WO) |
| **WALGREEN CO., INC.** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court is a motion for summary judgment filed by Defendant Walgreen Co., Inc. ("Walgreen"), on March 15, 2006. (Doc. No. 9) A brief and an evidentiary submission accompany the motion. (Doc. Nos. 10-11). Plaintiff Barbara Wilson ("Wilson") submitted a response in opposition on April 13, 2006 (Doc. No. 18), to which Walgreen filed a reply on April 20, 2006. (Doc. No. 20.) In this lawsuit, Wilson, an African-American female, sues her former employer, alleging discriminatory failure to promote on the basis of race, and brings her claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981").

After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that Walgreen's motion for summary judgment is due to be granted.

## II. JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations of both.

## III. STANDARD OF REVIEW

A court considering a motion for summary judgment must construe the evidence and make factual inferences in the light most favorable to the nonmoving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citations omitted). This determination involves applying substantive law to the substantive facts that have been developed. A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence developed. See id. at 248; Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The burden then shifts to the nonmoving party, which "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Summary judgment will not be entered unless the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. See id. at 587.

## IV. STATEMENT OF FACTS

Viewed in the light most favorable to Wilson, the following facts constitute the facts material to resolution of the instant motion for summary judgment.[1]

On or about February 15, 2004, Wilson began work as a service clerk at a Walgreen store (store number 7746) located at 6680 Atlanta Highway in Montgomery, Alabama ("Atlanta Highway store"). During Wilson's employment, the manager at this store was JoAnn Jones ("Jones"), a Caucasian female.

---

[1] In her response (Doc. No. 18), Wilson includes a plethora of facts which the court concludes are not material to a resolution of Walgreen's summary judgment motion. These extraneous and immaterial facts are omitted herein. See Anderson, 477 U.S. at 248 (holding that a material fact is a fact which affects the outcome of the lawsuit; "[f]actual disputes that are irrelevant or unnecessary will not be counted").

When Wilson began her employment for Walgreen, she told Jones that she was interested in company positions where she could "make more money." (Wilson Dep. at 58-59 (Ex. to Doc. No. 18).) Jones indicated that the position of beauty advisor was more lucrative than Wilson's then-current position of service clerk. Jones explained that, as a beauty advisor, Wilson would have an opportunity to earn more money than as a service clerk, as well as to earn "promotional money" incentives on the cosmetics she sold. (Id.) Subsequently, in March 2004, Jones promoted Wilson to the position of beauty advisor at the Atlanta Highway store. (Jones Decl. ¶ 4 (Ex. to Doc. No. 18).)

In June or July of 2004, Walgreen opened a new store in Montgomery on Perry Hill Road ("Perry Hill store"). During construction of that store, a marquee on the premises publicized that interested individuals should submit an application for employment on Walgreen's website. It is undisputed that Wilson did not submit an application for the senior beauty advisor position at the Perry Hill store.

Jones, who served as the temporary hiring manager for the Perry Hill store, hired a Caucasian, Angela Duke ("Duke"), to fill the position of senior beauty advisor at the new store. Duke applied for the position on-line.

Wilson testified that, based upon a handbook she received when she initially was hired, she "thinks" that Walgreen's policy was to "post" notices of open positions in its stores. (Wilson Dep. at 76 (Ex. to Doc. No. 18)); (Wilson Resp. at 5 ¶ 22 (Doc. No. 18).) Wilson points out that, in January 2005, when Duke left the employ of Walgreen for reasons unrelated to this litigation, the vacancy for the position of senior beauty advisor at

4

the Perry Hill store was "posted" at the store where Wilson worked. Contrariwise, she says that the vacancy for the position at issue was not "posted" at the Atlanta Highway store.[2] (Wilson Resp. at 9, ¶¶ 15-16 (Doc. No. 18).)

Wilson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 18, 2004, contending that in June 2004 she was denied a promotion to the position of senior beauty advisor at the Perry Hill store. After the EEOC issued Wilson a right-to-sue letter, she filed this lawsuit on May 19, 2005, alleging racial discrimination "with respect to employment, promotion, compensation, terms, conditions and privileges of employment," in violation of Title VII and § 1981. (Compl. ¶ 5 (Doc. No. 1).) When she commenced this litigation, Wilson no longer worked for Walgreen, as she left Walgreen's employ in March 2005.

## V. DISCUSSION

### A. Abandoned Claims

Walgreen's first ground for summary judgment is premised on the theory of abandonment. Walgreen asserts that Wilson has abandoned her allegation of a "pattern and practice" of racial discrimination and her race discrimination claim that she was

---

[2] Wilson applied for the position left open by Duke's resignation, but withdrew her name from consideration prior to the position being filled. Wilson does not bring a claim in this lawsuit pertaining to this job announcement, but rather refers to the announcement for purposes of buttressing her argument that Walgreen did not "post" the job announcement for the senior beauty advisor position when the Perry Hill store was under construction.

5

denied a promotion at a Walgreen store in Prattville, Alabama. (Walgreen Reply at 1, 3 (Doc. No. 20).) The court agrees.

Although these two claims are included in Wilson's Complaint, Wilson confines her response to the pending motion for summary judgment to a discussion of her claim that the denial of a promotion to the position of senior beauty advisor in June 2004 constitutes unlawful race discrimination. In opposing summary judgment, Wilson cannot rest on her pleadings, see Celotex, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)), and "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the court finds that Wilson has preserved only her claim that in June 2004 she was denied a promotion to the position of senior beauty advisor at the Perry Hill store.

### B. Failure to Promote

*1. Title VII Jurisdictional Requirements*

Walgreen has not challenged Wilson's allegations in the Complaint that Wilson fulfilled the jurisdictional requirements for filing a Title VII lawsuit as to her claim for race discrimination in the denial of the June 2004 promotion to senior beauty advisor at the Perry Hill store. (Compl. ¶ 1); Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996) ("Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party

6

and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). The court, therefore, finds that, for purposes of ruling on the instant summary judgment motion, these Title VII prerequisites have been satisfied.

### 2. The Merits

Wilson brings her failure-to-promote claim pursuant to Title VII and § 1981, seeking to prove that Walgreen intentionally discriminated against her on the basis of her race. Because Wilson relies on circumstantial evidence to prove her claim, the allocation of proof shifts in accordance with the three-step procedure established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1972).[1] In the first McDonnell Douglas phase, the plaintiff must produce evidence sufficient to make out a prima facie case, thus giving rise to a presumption that the employer unlawfully discriminated against him or her in taking the alleged adverse employment action. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).

Next, the employer must rebut this presumption by producing evidence that the negative employment action was motivated instead by a legitimate, nondiscriminatory reason. Id. at 509. The employer's "burden is one of production, not persuasion; 'it can

---

[1] The Title VII circumstantial evidence approach to proving employment discrimination also applies to claims brought pursuant to § 1981; thus, the analysis is the same under both statutes. See Shields v. Fort James Corp., 305 F.3d 1280, 1282 (11th Cir. 2002) ("[A]s we have repeatedly held, both of these statutes [i.e., § 1981 and Title VII] have the same requirements of proof and use the same analytical framework.").

involve no credibility assessment.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000) (quoting St. Mary's Honor Center, 509 U.S. at 509). Finally, to avoid summary judgment, the plaintiff must respond with evidence, which may include previously produced evidence establishing a prima facie case, which would allow a reasonable jury to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. See Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997); see also Reeves, 530 U.S. at 143. "The result of this three step dance is that the burden is always on plaintiff to show that defendant's action is discriminatory." Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir. 2005) (per curiam).

As to the prima facie elements applicable to Wilson's failure-to-promote claim, Walgreen appropriately cites Summerlin v. M & H Valve Co., No. 05-11030, 2006 WL 93131 (11th Cir. 2006). To satisfy the prima facie elements, a plaintiff must demonstrate that (1) she "is a member of a protected minority; (2) [s]he was qualified and applied for the promotion; and (3) [s]he was rejected despite these qualifications." Id. (citing Walker v. Mortham, 158 F.3d 1177, 1185-87 (11th Cir. 1998)).

The dispositive issue arises from the second element of the prima facie case. Walgreen argues that, because Wilson did not apply for the senior beauty advisor position at the Perry Hill store, it "did not have any reason or duty to consider her for such position." (Walgreen Br. at 10 (Doc. No. 10).) Walgreen relies on Smith v. J. Smith Lanier & Co., 352 F.3d 1342 (11th Cir. 2003) (per curiam), in support of its position. In

8

response, Wilson does not dispute that she did not complete an application for the position. (Wilson Resp. at 2 ¶¶ 6-7, 6 (Doc. No. 18).) Instead, Wilson asserts that she did not have an "opportunity" to apply because the position never was "posted." (Id. at 2, 6); (see also Wilson Dep. at 40, 62 (Ex. to Doc. No. 18).) Wilson relies on Carmichael v. Birmingham Saw Works, 738 F.2d 1126 (11th Cir. 1984).

In Carmichael, involving a Title VII failure-to-promote claim, the Eleventh Circuit carved out an exception to the "applied for" element of the prima facie case. Id. at 1132-34. It held that, when a company employs an informal method of advertising a vacancy, such as by "word of mouth," which is ineffective in conveying notice to the plaintiff of the job opening, the plaintiff may establish a prima facie case, thereby raising a presumption of discrimination, without demonstrating that he or she applied for an available promotion.[2] Id. Instead, the plaintiff merely has to demonstrate that the employer "had some reason or duty to consider him [or her] for the post." Id. at 1133; see also Vessels v. Atlanta Indep. School Sys., 408 F.3d 763, 768 (11th Cir. 2005)

---

[2] The Carmichael court explained that subjective informal processes "can lead to racial discrimination, both because important information may be available only to whites and because such procedures place no check on individual biases. . . . For this reason we have held that '[t]he failure to establish fixed or reasonably objective standards and procedures for hiring is a discriminatory practice.'" 738 F.2d at 1133; see also Roberts v. Gadsden Mem. Hosp., 835 F.2d 793, 798 (11th Cir. 1988) (observing that in Carmichael "[t]he promotion process was completely informal and provided no checks against racial bias"). In Carmichael, the employees, who "overwhelmingly" were Caucasian, generally learned of job openings by "word of mouth" while eating lunch together, but the plaintiff "was unlikely to have much access to the information grapevine," because his Caucasian coworkers made him feel unwelcome to join them during lunch. 738 F.2d at 1133 n.2

("[W]here an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show under the second [prima facie] prong that he applied for the position--only that the employer had some reason to consider him for the post."). In Carmichael, a "reason" arose from the fact that the plaintiff had expressed a general interest in obtaining a promotion within the company. 738 F.2d at 1134. Additionally, the defendant's "subjective promotion procedures imposed upon the defendant a duty to consider for any open position all employees who might reasonably be interested in the position." Id.

In Smith, the opinion upon which Walgreen relies, the plaintiff's employment position was eliminated as part of a reduction in force. Prior to her layoff, the plaintiff informed upper management that she "would take any position in the company and she was willing to relocate," but there were no vacant positions at that time. Smith, 352 F.3d at 1344. Although the plaintiff later learned of several new vacancies, via postings on the company's website, she neither applied formally nor expressed any specific interest in any of the positions. See id. The district court granted the defendant's motion for summary judgment, finding that the plaintiff "failed to produce any evidence she applied for a job or put [the employer] on notice she was interested in a specific position." Id. at 1344. The issue on appeal was whether the plaintiff's "statement of general interest in *any* job satisfie[d]" the requirement of her prima facie case that she apply for a position. Id. at 1345 (emphasis in original). The Eleventh Circuit held:

> A general interest in being rehired without submitting an application is not enough to establish a prima facie case of age discrimination when the defendant-employer has publicized an open position. Here, Smith knew of vacant positions, but she chose not to apply for any of them, even though she admitted she was neither dissuaded nor prevented by management from doing so. Moreover, Smith advances no evidence suggesting it was JSL's [the employer's] policy or practice to transfer individuals to vacant positions who had not first specifically applied for them.

Id. (internal footnote omitted).[3]

The Smith court distinguished the facts before it from those in Carmicheal, reasoning as follows:

> Smith cites Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1133 (11th Cir. 1984), to support her argument that JSL had some reason or duty to consider Smith for other positions, even though Smith never applied for those positions. Carmichael, however, involved a system where there was no formal notice of jobs, and the company relied on word of mouth and informal review procedures. There we found the plaintiff was not required to apply for a specific job, because he had no way of knowing about its availability. Here, JSL formally posts its vacant positions on the company's website or in local newspapers and requires an application be filed for the position. Smith knew about the availability of positions and chose not to formally apply. Thus, Carmichael is inapplicable.

Id. at 1346.

---

[3] Although Smith involved a claim of age discrimination in the context of a reduction in force, rather than race discrimination in the denial of a promotion, the court can envision no reason why Smith's holding would not apply equally in this case. See Freeman v. Walgreen Co., Inc., Civ. Act. No. 2:05cv356-WHA, 2006 WL 229869, *3 (M.D. Ala. 2006) (Albritton, J.) (applying Smith in a failure to promote case and observing that "[a]lthough Smith involved a reduction-in-force, in distinguishing Carmichael, [*supra*,] which involved failure to promote, the Smith court did not rely on that factual difference").

Another noteworthy and well-reasoned opinion is Freeman, see *supra* footnote 2, involving race discrimination for failure to promote, in which another district judge of this court was confronted with issues and facts nearly identical to those presented in this case. See 2006 WL 229869. In Freeman, the plaintiff, like Wilson, complained that Walgreen had an obligation to consider her for a position at the then-new Perry Hill Walgreen store, even though she did not submit an application. The plaintiff argued that she did not have to apply because previously she had told her supervisor at the Walgreen store where she worked that she "wanted to advance in the company through promotion and cross-training." Id. at *2, *4. The district judge rejected her argument, concluding that Smith, *supra*, controlled and foreclosed relief. Id. The court found that the vacancies were "publicized" within the meaning of Smith, *supra*, because the undisputed summary judgment evidence established that a marquee on the premises of the construction site of the new store announced that interested individuals should apply for openings on Walgreen's website. Id. at *4 n.2. The plaintiff also "knew a new store was opening on Perry Hill Road and that there would be open positions there." Id. at *4. Because the plaintiff was aware of Walgreen's publicized openings at the new Perry Hill store, but failed to apply, she could not establish a prima facie case of discrimination. As in Smith, *supra*, the Freeman court concluded that the plaintiff's expressed generalized interest in company advancement did not satisfy the "applied for" requirement of the failure-to-promote prima facie case. Id.

In this case, the court finds that Wilson cannot rely on the <u>Carmicheal</u> exception. Contrary to Wilson's argument (Wilson Resp. at 8 (Doc. No. 18)), the court finds that the vacancy was publicized, not by subjective informal procedures, but rather by objective means, namely, Walgreen's website and a marquee located on the premises of the new store location directing interested individuals to apply via the website. Unlike the subjective notification method in <u>Carmichael</u>, which placed considerable discretion in the employer as to whom to communicate the notice, <u>see id.</u> at 1133, the website and the marquee were not selective as to their targeted audiences; rather, the marquee was visible to all who passed by, and the website was accessible by the public. The means employed by Walgreen to solicit applications for vacant positions at the Perry Hill store simply are not comparable to the "informal, secretive selection process" criticized in <u>Carmichael</u>. <u>Roberts</u>, 835 F.2d at 793 (citing <u>Carmichael</u>, 738 F.2d at 1133). Wilson has presented no evidence indicating that this procedure utilized by Walgreen had the effect of excluding African-Americans from learning of the job vacancies at the new store. <u>See</u> <u>Carmicheal</u>, 738 F.2d at 1133 ("We have recognized that such subjective procedures can lead to racial discrimination, both because important information may be available only to whites and because such procedures place no check on individual biases.").

Another concern underlying the holding in <u>Carmichael</u> also is not present in this case. In <u>Carmichael</u>, the Eleventh Circuit emphasized the unfairness associated with the informal method used by the employer to alert potential applicants of job openings where

13

the plaintiff "did not know about [the job opening] and where there was no formal mechanism for expressing his interest." 738 F.2d at 1133; see also Lockridge v. Bd. of Tr., of the Univ. of Arkansas, 315 F.3d 1005, 1011 (8th Cir. 2003) (en banc) (observing that an employee is excused from actually applying for a promotion where "the job opening was not officially posted or advertised and either . . . the plaintiff had no knowledge of the job from other sources until it was filled, or . . . the employer was aware of the plaintiff's interest in the job notwithstanding the plaintiff's failure to make a formal application") (internal emphasis omitted); Bernard v. Gulf Oil Corp., 841 F.2d 547, 570 (5th Cir. 1988) (holding that "it is not legally sufficient or legitimate for an employer to reject an employee who does not have notice or an opportunity to apply for a promotion").

     Contrary to the plaintiff in Carmicheal who was not aware of the promotional opportunity, Wilson, by her own admission, knew that a new store was opening on Perry Hill Road, that her supervisor was the decisionmaker, and that there would be new positions available at that store, including the position of senior beauty advisor. (Wilson Dep. at 42-43 (Ex. to Doc. No. 18).) During her deposition taken in connection with this litigation, Wilson further confirmed her awareness when she testified that she asked Jones whether Jones could interview her daughter for a position at the Perry Hill store and that, at Jones' direction, Wilson's daughter submitted an employment application on-line. (Wilson Dep. at 51-53 (Ex. to Doc. No. 18).) Not only does the evidence reveal that

Wilson had notice, but the evidence also demonstrates that she had opportunities available to her to apply. She could have submitted her application on-line, as advertised on the marquee and on Walgreen's website, but she did not. Wilson also did not take advantage of an obvious method by which to express her interest; she did not direct her request for the senior beauty advisor position to her supervisor, Jones, whom Wilson knew was in charge of filling vacancies at the Perry Hill store.

      For the following five reasons, the court finds that the facts of this case are more closely aligned with those in Smith, than those in Carmichael. First, when initially hired as a service clerk, Wilson merely made a statement to Jones expressing a desire to "make more money." (Wilson Dep. at 58-59 (Ex. to Doc. No. 18).) Smith, however, held that this type of statement, expressing only a general interest in any promotional opportunity, rather than referencing a specific promotional position, does not release a plaintiff from applying for an open position. See 352 F.3d at 1345. Second, Walgreen has satisfied the publication requirement. See id. at 1345-46. As discussed previously, the evidence reveals that a marquee and Walgreen's official website provided notice of job openings and invited interested individuals to submit an application on-line. The court finds that these methods are neither informal nor subjective. Third, as in Smith, Wilson was aware of the job opportunity. Wilson knew that the new store was opening on Perry Hill Road and that positions would have to be filled. Yet, she never applied for a job or expressed an interest in the senior beauty advisor position to Jones, notwithstanding that Wilson

15

knew that Jones was the hiring manager for that store. Fourth, Wilson has not pointed to any evidence that Walgreen "dissuaded" or "prevented" her from applying.[4] Id. at 1345. Fifth, there is no evidence that Jones hired anyone at the Perry Hill store who did not submit an application, and the evidence establishes that Duke applied on-line. See id.

In sum, the court finds that the undisputed evidence that Wilson knew about the publicized position, but did not submit an application or otherwise express an interest to Jones in the job for senior beauty advisor, demonstrates that Wilson did not "apply for"

---

[4] Wilson attempts to avoid the "applied for" element of the prima facie case, by asserting that Walgreen "did not conduct a proper selection process" because it did not "post[]" the senior beauty advisor job announcement in the Walgreen store where she worked, allegedly in contravention of Walgreen's written internal policy. (Wilson Resp. at 9 (Doc. No. 18).) There, however, is no competent evidence in the record of Walgreen's written (or for that matter, oral) policies governing the process by which employees apply for promotions and the methods used by Walgreen to announce vacancies internally. Wilson has not submitted a copy of the policy to which she alludes, notwithstanding that discovery has been active for more than a year. Rather, Wilson merely offers her testimony that she "thinks" that Walgreen's written policy required posting in individual stores. (Wilson Dep. at 76 (Ex. to Doc. No. 18).) The court finds that her vague recollection of the content of an unidentified policy amounts to guesswork and is speculative at best. Such evidence cannot create a material factual issue on summary judgment. See Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996) ("Guesswork and speculation simply cannot serve as a basis for sending a case to a jury."); Hedberg v. Indiana Bell Telephone Co., Inc., 47 F.3d 928, 931-32 (7th Cir. 1995) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (emphasis in original); Snair v. City of Clearwater, 817 F. Supp. 108, 113 (M.D. Fla. 1993) ("Speculative evidence is insufficient to enable the non-moving party to avoid summary judgment."). Although Wilson testified that Walgreen once posted a different vacancy announcement in the store where she worked, there is no evidence in the record that posting notices in individual stores was required or the sole method by which Walgreen was to fill vacancies. There also is no evidence otherwise suggesting that Walgreen's failure to post the notice in her store on the occasion at issue was a tactic to prevent Wilson from applying.

the vacancy at issue. Wilson's failure to apply prevents her from establishing the second prima facie element and entitles Walgreen to summary judgment on her Title VII failure-to-promote claim.

## VI.  ORDER

Accordingly, for the foregoing reasons, it is CONSIDERED and ORDERED that Walgreen's motion for summary judgment be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that all pending motions be and the same are hereby DENIED as moot.[5]

A judgment in accordance with this Memorandum Opinion and Order shall be entered separately.

DONE this 28th day of June, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The court notes that Wilson filed a motion to strike (Doc. No. 17); the motion is moot in light of the court's findings in this opinion.